Allen *v.* Brown.

Judgment accordingly.

---

MIRANDA L. ALLEN, Appellant, *v.* HARVEY W. BROWN, Sheriff, &c., and ORLO C. UNDERWOOD, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, MARCH, 1872.)

The expenses of an unsuccessful motion to set aside an injunction cannot be recovered upon an undertaking under section 222 of the Code, although the court afterward decide that the defendant was not entitled to the injunction.

Costs or counsel fees, or other expenses of defending an action in which a preliminary injunction has been granted, where there is nothing to show that the injunction rendered the trial of the action more difficult, or that the injunction increased the costs or expense of the defence, are not damages "sustained by reason of the injunction."

THIS action was tried at a Special Term in Otsego county, where the complaint was dismissed with costs.

The relief and judgment demanded in the complaint were that the defendants be perpetually enjoined from removing the plaintiff from the farm described in the complaint, and from executing a writ of assistance to put the defendant, Underwood, into the possession of the farm, or from interfering in any way with the plaintiff's possession, and *that the plaintiff be adjudged lawfully possessed of the farm,* &c. The complaint also contained a prayer for a temporary injunction. The title to the farm and right to the possession thereof were tried in the action.

An injunction was granted upon the complaint in the action and an affidavit of one Sherman, restraining the defendants from doing certain acts until the further order of the court, as recited in the undertaking given for the injunction.

The undertaking was executed by Robert T. Sherman alone, as surety for the plaintiff. It recited that the plaintiff was about to apply for an injunction restraining the defendants from dispossessing the plaintiff of a lot of land (farm) therein described, " or in any way interfering with her possession of said premises."

By the terms of the undertaking Sherman undertook that the plaintiff would pay to the defendants, " or either of them," such damages, not exceeding $600, as they or either of them might sustain " by reason of the injunction," if the court should " finally decide " that the said plaintiff was not entitled thereto. It contained a consent that such damages might " be assessed by a referee or otherwise." The defendants made a motion at a Special Term for an order vacating the injunction, which was denied.

The court subsequently, at the Special Term, heard the evidence upon the issues of fact joined in the action, and then dismissed the complaint with costs. Judgment was thereupon entered against the plaintiff in favor of the defendants for costs.

Afterward a referee was appointed to ascertain the damages

the defendants had sustained "by reason of the injunction." The referee reported that the amount of such damages was $572, and he stated the items thereof.

The report was confirmed at the Madison Special Term, in December, 1871, at $572, with ten dollars costs of the motion to confirm it; and leave was granted to the defendants, in and by the same order, to bring an action on the undertaking given for the injunction.

Sherman (the surety for the plaintiff) had notice, and attended in person or by counsel before the referee. He and the plaintiff have appealed from the order confirming the report of the referee to the General Term of this court.

*Marcus T. Hun,* for the plaintiff and surety.

*Samuel A. Bowen,* for the defendants.

Present—MILLER, P. J.; POTTER and BALCOM, JJ.

By the Court—BALCOM, J. The undertaking of the plaintiff's surety upon the injunction was, that he would pay to the defendants, or either of them, such damages not exceeding $600 as they or either of them might sustain "by reason of the injunction," if the court should finally decide that the plaintiff was not entitled thereto. It was given pursuant to section 222 of the Code, and the defendants' damages have been ascertained by a reference, as prescribed in that section. We have consented to determine whether the referee committed any errors in ascertaining such damages, notwithstanding the irregular manner in which the plaintiff and her surety raised their objections and exceptions taken before the referee, when his report was confirmed at the Special Term.

There can be no doubt that the defendant, Underwood, was properly allowed $185 for the crops on the farm, which he was prevented from harvesting by reason of the injunction. (Hilliard on Injunctions, 2d ed., 81; *Edwards v. Edwards,* 31 Ill., 474.)

Allen v. Brown.

The referee correctly allowed the defendants ten dollars, costs of the motion for his appointment; also two dollars expenses of serving the notice or summons on the surety upon the injunction, and also twenty-five dollars for his own services in ascertaining the defendants' damages. (See 18 Abb., 307, 334.)

The defendants' motion before the trial of the action on the merits, for an order vacating the injunction, was denied. The referee correctly refused to allow the defendants any costs or counsel fees on that motion, for the reason that the expenses of an unsuccessful motion to set aside an injunction cannot be recovered, though the court afterward decides that the plaintiff was not entitled to the injunction. (*Childs* v. *Lyons*, 3 Robertson's Reps., 704.)

In the final judgment, dismissing the plaintiff's complaint in the action, the defendant, Brown, recoverd $100.99 costs, and the defendant, Underwood,, recovered $72.78 costs. The referee allowed both of those sums of costs against the surety upon the injunction, and also counsel fees, so the sum awarded to Brown was $200, and the sum allowed Underwood was $150.

All the damages that the plaintiff's surety undertook to pay to the defendants were such as they, or either of them, might sustain " by reason of the injunction, if the court should finally decide that the plaintiff was not entitled thereto." (Code, § 222.)

It is probable that the action would have been tried on the merits thereof, if no injunction had been granted therein; and no facts were proved before the referee to show that the injunction rendered the trial of the action any more difficult than it otherwise would have been, or that the injunction increased the costs or expenses of the defence of the action. It cannot, therefore, be said that the costs or counsel fees, or other expenses of defending the action, were damages sustained by the defendants by reason of the injunction.

This case is like *Strong* v *Deforest* (15 Abbott's Rep., 427), where the dissolution of the injunction followed from the

Allen *v.* Brown.

dismissal of the complaint. Justice SUTHERLAND held, in that case, that damages by reason of an injunction do not include the defendant's general counsel fees in the cause.

The case of *Corcoran* v. *Judson* (24 N. Y. Rep., 106) differs from this. That was not an action on a bond or undertaking given upon an injunction.

The case of *Taacks* v. *Schmidt* (18 Abbott's Rep., 307) was decided at a Special Term, and it is possible that all the costs, included in the judgment dismissing the complaint in that case, were made by reason of the injunction granted in it. But if it cannot be distinguished from this case, I am of the opinion we ought to overrule it, and hold that the defendants should have such damages only as they have sustained " by reason of the injunction " granted against them.

In *Wilde* v. *Joel* (15 How. Pr. Rep., 320) the plaintiff gave his own undertaking upon obtaining the injunction, and the case does not show that the undertaking was signed by a surety. It is not an authority, therefore, for sustaining the decision of the referee in this action, allowing the costs in the judgment or general counsel fees against the surety of the plaintiff upon the injunction.

My conclusion is that the referee erred in allowing the defendants, as damages by reason of the injunction, the two sums of costs and counsel fees, amounting to $350. If this conclusion is correct, the order confirming the report of the referee should be reversed, and an order entered fixing the amount of the defendants' damages, sustained by reason of the injunction, at the sum of $222, and confirming the report of the referee for that amount of damages; and leave should be granted to the defendants to bring an action on the undertaking, twenty days after notice of this order, to recover the sum of $222 damages. There are sufficient reasons for not granting costs of the motion to confirm the report of the referee at the Special Term, or costs of the appeal here, to either party.

Ordered accordingly.