### HEIM v. NEW YORK STOCK EXCHANGE et al.

(Supreme Court, Appellate Division, Second Department. April 29, 1910.)

APPEAL AND ERROR (§ 954*)—REVIEW—DISCRETION OF TRIAL COURT—VACATING INJUNCTION.

Where many of the allegations of a complaint for an injunction are denied by the answer interposed and forming part of the papers used in the motion for a temporary injunction granting to plaintiff all the relief prayed for in the complaint until the final determination of the action, the merits of the controversy will not be determined on appeal from order denying a motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3821; Dec. Dig. § 954.*]

Appeal from Special Term, Kings County.

Action by Marcus Heim against the New·York Stock Exchange and others. From an order (64 Misc. Rep. 529, 118 N. Y. Supp. 591) denying motion for preliminary injunction, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

Delphin M. Delmas, for appellant.

Lewis Cass Ledyard (Walter F. Taylor, on the brief), for respondents.

BURR, J. Defendant New York Stock Exchange is a voluntary, unincorporated association having a written constitution, which, among other things, provides for the administration of its affairs through officers and committees selected for that purpose. Defendants Louis M. Josephthal, Louis F. Rothschild, and Leonard A. Hochstadter are carrying on business as stockbrokers under the firm name of Albert Loeb & Co. Josephthal and Rothschild are members of defendant New York Stock Exchange. All of the other defendants are members of the governing committee of the last-named defendant. Plaintiff is a member of a voluntary association known as the Consolidated Stock Exchange of New York, and engaged in business upon said Exchange. On May 19, 1909, the governing committee of defendant New York Stock Exchange adopted a resolution in the following language:

"Resolved, that any member of this Exchange who transacts any business, directly or indirectly, with or for any member of the said Consolidated Stock Exchange (meaning the Consolidated Stock Exchange of New York, already referred to) who is engaged in business upon the said Consolidated Stock Exchange, shall, on conviction thereof, be deemed to have committed an act or acts detrimental to the interest and welfare of this Exchange."

Prior thereto plaintiff, through the firm of Albert Loeb & Co., had purchased in the New York Stock Exchange stock in various corporations upon a margin, which stocks were held by the said firm upon his account. After the adoption of said resolution he was requested by the firm of Albert Loeb & Co. to close his account with them. He thereupon brought this action, and for relief prayed:

"First. That the said resolution adopted by the governing committee of the New York Stock Exchange, on May 19, 1909, may be declared illegal, inoperative, and of no effect.

"Second. That an order of injunction issue, preliminary until the hearing and determination of a motion to continue the same until the final determination of this case, and perpetual thereafter, to prevent and restrain each and all the defendants herein from continuing to abide by the terms of the said resolution adopted by the governing committee of the New York Stock Exchange, on May 19, 1909, and from refusing to execute orders from the plaintiff or his customers on the New York Stock Exchange, and to prevent and restrain the said Loeb & Co. from closing the account of the plaintiff with them unless ordered to do so by the plaintiff according to established usage and custom."

Simultaneously with the commencement of the action plaintiff obtained a temporary injunction restraining the firm of Albert Loeb & Co. from closing his account except upon the conditions above speci-

fied, and at the same time moved for a further temporary injunction granting to him all of the relief prayed for in the complaint until the final determination of the action. From the order denying such motion, and vacating the injunction theretofore granted, this appeal is taken.

Notwithstanding the requirements of the statute (Code Civ. Proc. § 481, subd. 2) that a complaint shall contain "a plain and concise statement of the facts constituting each cause of action without unnecessary repetition," it is at least questionable whether the complaint in this action, containing 14 pages of printed matter, states any cause of action against either of the defendants. As to some of them it certainly does not. Be that as it may, very many of its allegations are denied by the answers interposed and forming part of the papers used on the motion. This court is committed to the policy of declining, upon appeals from orders granting or refusing temporary injunctions, to determine the merits of a controversy, save in exceptional cases. Alexander Smith & Sons Carpet Co. v. Ball (decided March 31, 1910) 122 N. Y. Supp. 187; Flynn v. New York, Westchester & Boston Railway Co. (decided December 10, 1909) 135 App. Div. 743, 119 N. Y. Supp. 858. This case does not present any exception to the general rule. The action was commenced June 19, 1909. Issue was joined July 28, 1909. Several Special Terms for the trial of issues have since been held in Kings county, at which the issues herein could have been tried and final judgment entered upon the decision then made. If it be true, as was suggested on the argument, that since the entry of the order vacating the temporary injunction plaintiff's account with the firm of Albert Loeb & Co. has been closed, so that as to them at least the question is academic, the soundness of the policy above indicated is made more apparent.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.