(159 App. Div. 563.)

### GRANULATOR SOAP CO. v. HADDOW.

(Supreme Court, Appellate Division, Second Department. December 5, 1913.)

1. INJUNCTION (§ 239*)—LIABILITY ON BOND—COUNSEL FEES.
    Whether a defendant, who unsuccessfully opposes a motion for a temporary injunction but is successful on the trial of the action, is entitled to counsel fees incurred for the purpose of the trial as damages under the injunction bond, depends on whether he was constrained to try the action for the purpose of vacating the injunction or for the sake of a favorable determination of the issues in the action.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 542, 543; Dec. Dig. § 239.*]

2. PATENTS (§ 202*)—ASSIGNMENT OF INVENTION WITH IMPROVEMENTS.
    An assignment of an application for a patent, together with any improvements thereon, vested in the assignee not only title to the invention, but also the equitable title to the improvements when made.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 281–289; Dec. Dig. § 202.*]

3. INJUNCTION (§ 239*)—LIABILITY ON BOND—COUNSEL FEES.
    An inventor assigned his application for a patent, together with improvements thereon, and the assignment was filed in the Patent Office. He thereafter made certain improvements which he refused to assign to the assignee, whereupon an action was brought to compel assignments and to restrain other transfers, and an injunction procured which permitted him to file applications for patents on the improvements but restrained him from securing letters patent or assigning his interest in hostility to the assignee. The inventor resisted the granting of the injunction, pleaded that the assignment was procured by fraud, and counterclaimed for a cancellation and reassignment, which after the trial was granted. *Held,* that he was not entitled to recover the counsel fees in-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

curred for the purpose of the trial as damages under the injunction bond, since the vacation of the injunction was not the sole or even the principal reason for trying the action, as, had he procured patents on the improvements, they would have been of little value while the assignments remained of record.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 542, 543; Dec. Dig. § 239.*]

**4. PATENTS (§ 203*)—ASSIGNMENT OF INVENTION WITH IMPROVEMENTS.**

Under Rev. St. U. S. § 4898 (U. S. Comp. St. 1901, p. 3387), authorizing the assignment of patents or interests therein, and providing that an assignment shall be void as against subsequent purchasers for a valuable consideration without notice unless recorded in the Patent Office, the record of an assignment of an application for a patent, together with any improvements thereon, was notice to proposed purchasers of the transfer of the improvements as well as of the original invention.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 290–294; Dec. Dig. § 203.*]

Appeal from Special Term, Westchester County.

Action by the Granulator Soap Company against William Haddow. From an order confirming a report of a referee, plaintiff appeals. Reversed, and motion to confirm denied.

See, also, 149 App. Div. 926, 133 N. Y. Supp. 1124.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Howard H. Williams, of New York City (Henry C. Willcox, of New York City, on the brief), for appellant.

Augustus Van Wyck, of New York City (George J. McDonnell, of New York City, on the brief), for respondent.

THOMAS, J. [1] The defendant on a bond conditioned to pay damages by reason of an injunction has recovered the value of the services of his attorney and counsel for the preparation and trial of the case. The defendant unsuccessfully opposed the motion for the injunction, and urges that it was necessary to try the issues to dispose of it, as the judgment in his favor ended it. While counsel fees incurred for the purpose of the trial of the case are often not allowable as damages under the bond (Newton v. Russell, 87 N. Y. 527, 531; Hovey v. Rubber-Tip Pencil Co., 50 N. Y. 335; Randall v. Carpenter, 88 N. Y. 293, 298), yet where the party enjoined has without avail resisted the issuance of the injunction, or, if granted ex parte, has exhausted his remedy to vacate it by means other than by trial of the issues, such counsel fees have been allowed. Andrews v. Glenville Woolen Co., 50 N. Y. 282; Disbrow v. Garcia, 52 N. Y. 654; Harter v. Westcott, 155 N. Y. 211, 49 N. E. 676; Youngs v. McDonald, 56 App. Div. 14, 67 N. Y. Supp. 375, affirmed 166 N. Y. 639, 60 N. E. 1123; Brooks v. Racich Asbestos Mfg. Co., 137 App. Div. 280, 121 N. Y. Supp. 850. The question is whether the defendant was constrained to try the present case to vacate the injunction or for the sake of a favorable determination of the issues themselves.

[2, 3] To determine that, the defendant's predicament in the matter must be considered. He had agreed to assign and had assigned an in-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vention made by him, "together with any improvements thereon," and it had come to the plaintiff. This vested in the assignee not only title to the invention, but also the equitable title to the improvements when made. Westinghouse Air-Brake Co. v. Chicago Brake & Mfg. Co. (C. C.) 85 Fed. 786, 793. He made two such improvements, and upon his refusal so to assign them plaintiff brought this action to compel assignments thereof and to restrain other transfers of them. The defendant pleaded that the agreement was procured by fraud, and based thereon a defense to the cause of action for specific performance and a counterclaim that such agreement be canceled and the original invention be reassigned, and there was judgment accordingly and for the dissolution of the preliminary injunction. The respondent testified that the "patent is what is known as a 'ground patent.'"

[4] The assignment of the original application, "together with any improvements thereon," was on file in the Patent Office. The effect of this was that the defendant or any person under him could not use the invention if letters patent were issued. United States Revised Statutes, § 4898 (U. S. Comp. St. 1901, p. 3387); Aspinwall Mfg. Co. v. Gill (C. C.) 32 Fed. 697. The application for letters on the improvements would refer to the original letters or patent, and a proposed purchaser upon investigation would find the assignment, which was notice to him of the transfer of the improvements as well as of the original invention. Walker on Patents, § 281.

Why, then, did defendant try the case? The improvements were of little value to him under the existing conditions. The injunction order expressly permitted him to file the applications. He was indeed restrained from securing letters patent or assigning his interest in hostility to plaintiff. But of what value was his application for improvements or letters patent therefor with the assignment of the original invention informing every person with whom he would deal? The plaintiff needed the assignments of the improvements for the purpose of using them to its advantage, and so it sued for them. But the rescission of the agreement and reassignment of the original invention was vital to the defendant if he would enjoy either the invention or the improvements. So he defended and asked affirmative relief and went to trial to free himself from his agreement and the assignment. It was, indeed, better for him to have the injunction vacated, as he could proceed in the Patent Office; but such letters were useless without title to the invention and improvements. Had the suit involved merely or principally the continuance of injunction, it would be similar to Andrews v. Glenville Woolen Co., supra, where the action was to restrain the collection of moneys. With the temporary injunction out of the way, the defendant in that case was indifferent whether the case was ever tried. He was as well, perchance better, with it untried. All his rights he could exercise without trial.

But in the case at bar the disposition of the issues in his favor gave defendant a necessary status which the mere vacation of the injunction would not. So in Brooks v. Racich Asbestos Mfg. Co., supra, the party enjoined did not need to go to trial to preserve or to gain rights which he already had, were it not for the injunction pendente lite.

The law is not that, whenever a preliminary injunction abides the result of the action, although there is due effort to vacate it, the value of legal services for the trial fall within the bond. The general rule is otherwise. But the intended holding is that, where the right to the injunction is an essential issue and the trial is necessary to secure disposition of it, the expenses of the trial fall under the bond. It may be noticed that the order in language is broad enough to cover inventions not technically improvements. But title only to improvements was sought in the complaint, and none other was in actual controversy. Moreover, in view of the "ground patent," others were not expectable. I advise:

Order appealed from reversed, with $10 costs and disbursements, and motion to confirm referee's report denied, without costs. All concur.