I advise, therefore, that the judgment be affirmed, with costs.

JENKS, P. J., BURR and THOMAS, JJ., concurred; STAPLETON, J., not voting.

Judgment affirmed, with costs.

---

ADOLPH MALTZ and MARIA MALTZ, Respondents, v. WESTCHESTER COUNTY BREWING COMPANY, Appellant.

Second Department, April 9, 1915.

Costs — right of defendant to costs, damages and expenses sustained by reason of injunction pendente lite — counsel fees upon unsuccessful appeal from injunction.

In a suit by the occupants of a saloon for the cancellation of a lease, alleged to have been assigned to the defendant by a third party who held the same in trust for the plaintiffs, an application was made for an injunction *pendente lite*, restraining the defendant from interfering with the possession of the leased premises, which was granted upon plaintiffs' giving an undertaking. The defendant appealed from such order, which was affirmed. Thereafter plaintiffs recovered judgment, which was reversed, and the complaint dismissed. Defendant then obtained an order of reference to ascertain its damages by the injunction.

*Held*, that since the injunction was sought merely as incidental relief and was merged in the subsequent judgment for the plaintiffs, the exclusion of defendant from possession under the lease, after the judgment, did not constitute damage by reason of the injunction, recoverable from the plaintiffs or their surety.

Since the appeal from the judgment concerned plaintiffs' equitable rights under the pleadings, which sought neither permanent injunctive relief

nor to continue the temporary injunction, the fees thereon were properly disallowed.

The defendant was not entitled to counsel fees upon its unsuccessful appeal from the injunction order.

APPEAL by the defendant, Westchester County Brewing Company, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 18th day of January, 1915, modifying the report of a referee appointed to ascertain the damages sustained by reason of an injunction.

Plaintiffs were in occupation of a saloon at No. 139 Mount Vernon avenue, in Mount Vernon, N. Y. They alleged that having an agreement with the landlord for a further period of five years, at the plaintiffs' request he had made a lease to one Schwartz in trust for the plaintiffs. The complaint also averred that without the plaintiffs' consent said Schwartz had assigned this lease to the Westchester County Brewing Company, the defendant, who paid therefor $400, and that it took such assignment knowing that plaintiffs were the true owners and that Schwartz had no right to make such assignment. The complaint had an offer to pay defendant $400 which it had advanced; and further alleged that plaintiffs were engaged in the liquor traffic on the premises, so that if ejected therefrom they would suffer irreparable damage. The complaint asked that such assignment of the lease be declared void and be canceled. The complaint was served on June 1, 1912.

As auxiliary to their main relief plaintiffs moved upon affidavits for an injunction restraining defendant from interfering in any manner with the possession of the leased premises pending the suit. After a hearing an order was made on July 16, 1912, restraining defendant from interfering with the premises on condition that plaintiffs give an undertaking in the sum of $5,000. On August first plaintiffs filed such undertaking, under section 620 of the Code of Civil Procedure, with a surety company, to secure any damages which defendant may sustain by such injunction "if the court finally decides that the plaintiffs were not entitled thereto." Issue had already been joined by defendant's answer served on July tenth.

It appears that in October there was a local Special Term at

which the cause could be tried. The defendant, however, on July·nineteenth had appealed from the injunction order. The appeal coming on for the term beginning September thirtieth resulted in an affirmance on November first. (153 App. Div. 907.) Application for reargument was denied. (153 App. Div. 915.)

The cause was brought on for trial at the ensuing January Westchester County Special Term. Plaintiffs recovered a judgment entered on May 19, 1913, in which it was decreed that the assignment of the lease in question should be set aside upon condition that plaintiffs pay $400 and interest.

On defendant's appeal to this court this judgment was reversed, and the complaint dismissed. (161 App. Div. 933.)

The defendant then obtained an order of reference to ascertain its damages by this injunction. There were reported as damages $1,450 for counsel fees, with other damages, besides taxable costs.

Upon plaintiffs' exceptions to this report the learned Special Term reduced the counsel fees and disallowed various items of damages. From this order defendant alone has appealed.

*Charles Goldzier* [*Norbert Blank* with him on the brief], for the appellant.

*Thomas F. Curran*, for the respondents.

PUTNAM, J.:

It seems clear that the trial and defendant's resulting appeal therefrom did not essentially involve the issue whether or not plaintiffs should have the injunction, since no permanent injunction was granted, or had been prayed for in the complaint. The injunction was sought merely as incidental relief, so as to retain possession of the saloon pending the judgment. The judgment for plaintiffs merged in it this preliminary injunction. Thereafter the judgment itself, and not any provisional or collateral remedy, entitled plaintiffs to possession and excluded any interference by defendant. Hence this occupation and the exclusion of defendant from enjoyment

under the lease after the judgment did not constitute a damage by reason of the injunction, recoverable from plaintiffs or their surety. (High Inj. [4th ed.] § 1686; Joyce Inj. §§ 207, 208, 216; *Disbrow* v. *Garcia*, 52 N. Y. 654; *Newton* v. *Russell*, 87 id. 527, 531; *Granulator Soap Co.* v. *Haddow*, 159 App. Div. 563; 22 Cyc. 1055.) The learned justice at Special Term, therefore, rightly excluded any loss of profits or rental after entry of judgment. By his correction, the stipulated figures for the *pro rata* value of the lease, and the estimated profits of traffic in beer, were adjusted to the actual period under the injunction, which was no departure from the basis of these damages as stipulated upon the reference.

He, however, allowed $150 counsel fees rendered and incurred in connection with the temporary injunction, also $150 for counsel's services about the trial, with $150 counsel fee upon this reference. For the reasons stated, he disallowed fees on appeal from the judgment, since that appeal concerned plaintiffs' equitable rights under the pleadings, which sought neither permanent injunctive relief nor to continue any temporary injunction. In this we think the learned court was supported by authority. (*Strong* v. *De Forest*, 15 Abb. Pr. 427; *Hovey* v. *Rubber-tip Pencil Co.*, 50 N. Y. 335.)

The appellant, however, urges that it should have had counsel fees upon the unsuccessful appeal from the injunction order. This court being always loath to interfere with the discretion of the Special Term in granting or refusing injunctions (*Heim* v. *New York Stock Exchange*, 138 App. Div. 96), the quicker and surer way to test the restraining order was to proceed to trial in October, rather than to remain under the injunction, with the doubtful prospect of its reversal by appealing from the order. Furthermore, the expenses of an unsuccessful motion to dissolve an injunction have not generally been recoverable. (*Allen* v. *Brown*, 5 Lans. 511, 514; *Randall* v. *Carpenter*, 88 N. Y. 293; *Lyon* v. *Hersey*, 32 Hun, 253.) Hence we see no ground to vary this part of the order.

It is further maintained that the learned court allowed counsel too small fees. But the injunction was merely auxiliary to the main contest, and the fees here recoverable are not

for the successful defense of a hard-fought litigation, but only for such legal services as related strictly to this provisional remedy. The fee to counsel at the trial was not for the entire preparation and the conduct of that hearing, but for those services necessary therein, in so far as that labor was increased by the injunction. This is the limit of the liability of plaintiffs and their surety. (See *Littleton* v. *Burgess,* 16 Wyo. 58; 16 L. R. A. [N. S.] 49, 66.) Outside the letter of this undertaking, there is no such recovery, since taxable statutory costs are all the legal expenses that the successful party may impose on its adversary. Such liability of the surety is confined *stricti juris* to the direct effect of the injunction, regardless of the general merits of the controversy. The court has, therefore, to be vigilant to see to it that such liability is kept within just and reasonable bounds, so that, in enforcing it, the court itself is not made the instrument of injustice and oppression. (*Cook* v. *Chapman,* 41 N. J. Eq. 152, 159.)

The order modifying the report of the referee should, therefore, be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., BURR, CARR and RICH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.