MALTZ et al. v. WESTCHESTER COUNTY BREWING CO.

(Supreme Court, Appellate Division, Second Department. April 9, 1915.)

1. INJUNCTION ⚙═186—DAMAGES RECOVERABLE—LOSS OF PROFITS.

Where, in an action for damages caused by an injunction restraining the present plaintiff from interfering with the present defendant's possession of leased premises pending a suit to cancel an assignment of a lease to same, it appeared that the injunction was secured merely to afford protection before judgment, and that on rendition of a judgment,

subsequently reversed, the injunction was merged in it, loss of profits or rental after entry of the judgment were not recoverable as damages.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 397, 399–405; Dec. Dig. ☞186.]

2. INJUNCTION ☞186—DAMAGES RECOVERABLE—COUNSEL FEES.

Counsel fees incurred by plaintiffs on an appeal which concerned their equitable rights and sought neither permanent injunctive relief nor to continue any temporary injunction constituted no part of the damages recoverable by reason of the allowance of a temporary injunction restraining them from interfering with the present defendant's possession of premises pending the procurement of judgment in an action to cancel an assignment of a lease to same.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 397, 399–405; Dec. Dig. ☞186.]

3. INJUNCTION ☞186—DAMAGES RECOVERABLE—COUNSEL FEES ON UNSUCCESSFUL APPEAL.

Where the present plaintiff prosecuted an unsuccessful appeal from an injunction order, instead of proceeding to trial in the main case, he was not entitled to recover, as an element of his damages from the issuance of the injunction, which was subsequently dissolved by a judgment in the main case, counsel fees expended by him on the unsuccessful appeal.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 397, 399–405; Dec. Dig. ☞186.]

4. INJUNCTION ☞186—DAMAGES RECOVERABLE—COUNSEL FEES.

Where an injunction is merely auxiliary to the main contest, the counsel fees recoverable as damages caused by issuance of the injunction include fees for only those additional services rendered necessary by the injunction, and not the fee for the services necessary to the main case.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 397, 399–405; Dec. Dig. ☞186.]

Appeal from Special Term, Westchester County.

Action by Adolph Maltz and another against the Westchester County Brewing Company. From an order modifying the report of a referee, defendant appeals. Affirmed.

See, also, 161 App. Div. 933, 146 N. Y. Supp. 52.

Plaintiffs were in occupation of a saloon at No. 139 Mt. Vernon avenue, in Mt. Vernon, N. Y. They alleged that, having an agreement with the landlord for a further period of five years, at the plaintiffs' request he had made a lease to one Schwartz in trust for the plaintiffs. The complaint also averred that without the plaintiffs' consent said Schwartz had assigned this lease to the Westchester County Brewing Company, the defendant, who paid therefor $400, and that it took such assignment knowing that plaintiffs were the true owners, and that Schwartz had no right to make such assignment. The complaint offered to pay defendant the $400 which it had advanced, and further alleged that plaintiffs were engaged in the liquor traffic on the premises, so that, if ejected therefrom, they would suffer irreparable damage. The complaint asked that such assignment of the lease be declared void and be canceled. The complaint was served on June 1, 1912.

As auxiliary to their main brief, plaintiffs moved upon affidavits for an injunction restraining defendant from interfering in any manner with the possession of the leased premises pending the suit. After a hearing, an order was made on July 16, 1912, restraining defendant from interfering with the premises on condition that plaintiffs give an undertaking in the sum of $5,000. On August 1st plaintiffs filed such undertaking, under section 620 of the Code of Civil Procedure, with a surety company, to secure any damages which defendant may sustain by such injunction "if the court finally decides that the

plaintiffs were not entitled thereto." Issue had already been joined by defendant's answer served on July 10th. It appears that in October there was a local Special Term at which the cause could be tried. The defendant, however, on July 19th, had appealed from the injunction order. The appeal coming on for the term beginning September 30th resulted in an affirmance on November 1st. 153 App. Div. 907, 137 N. Y. Supp. 1128. Application for reargument was denied. 153 App. Div. 915, 138 N. Y. Supp. 1128.

The cause was brought on for trial at the ensuing January Westchester county Special Term. Plaintiffs recovered a judgment entered on May 19, 1913, in which it was decreed that the assignment of the lease in question should be set aside, upon condition that plaintiffs pay $400 and interest. On defendant's appeal to this court, this judgment was reversed, and the complaint dismissed. 161 App. Div. 933, 146 N. Y. Supp. 52. The defendant then obtained an order of reference to ascertain its damages by this injunction. There were reported as damages $1,450 for counsel fees, with other damages, besides taxable costs. Upon plaintiffs' exceptions to this report, the learned Special Term reduced the counsel fees and disallowed various items of damages. From this order defendant alone has appealed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Charles Goldzier, of New York City, for appellant.
Thomas F. Curran, of Yonkers, for respondents.

PUTNAM, J. [1] It seems clear that the trial, and defendant's resulting appeal therefrom, did not essentially involve the issue whether or not plaintiffs should have the injunction, since no permanent injunction was granted, or had been prayed for in the complaint. The injunction was sought merely as incidental relief, so as to retain possession of the saloon pending the judgment. The judgment for plaintiffs merged in it this preliminary injunction. Thereafter the judgment itself, and not any provisional or collateral remedy, entitled plaintiffs to possession, and excluded any interference by defendant. Hence this occupation and the exclusion of defendant from enjoyment under the lease after the judgment did not constitute a damage by reason of the injunction, recoverable from plaintiffs or their surety. High on Inj. (4th Ed.) § 1686; Joyce on Inj. §§ 207, 208, 216; Disbrow v. Garcia, 52 N. Y. 654; Newton v. Russell, 87 N. Y. 527, 531; Granulator Soap Co. v. Haddow, 159 App. Div. 563, 144 N. Y. Supp. 610; 22 Cyc. 1055. The learned justice at Special Term therefore rightly excluded any loss of profits or rental after entry of judgment. By his correction, the stipulated figures for the pro rata value of the lease, and the estimated profits of traffic in beer, were adjusted to the actual period under the injunction, which was no departure from the basis of these damages as stipulated upon the reference.

[2] He, however, allowed $150 counsel fees rendered and incurred in connection with the temporary injunction, also $150 for counsel's services about the trial, with $150 counsel fee upon this reference. For the reasons stated, he disallowed fees on appeal from the judgment, since that appeal concerned plaintiffs' equitable rights under the pleadings, which sought neither permanent injunctive relief nor to continue any temporary injunction. In this we think the learned court was supported by authority. Strong v. De Forest, 15 Abb. Prac. 427; Hovey v. Rubber-Tip Pencil Co., 50 N. Y. 335.

[3] The appellant, however, urges that it should have had counsel fees upon the unsuccessful appeal from the injunction order. This court being always loath to interfere with the discretion of the Special Term in granting or refusing injunctions (Heim v. New York Stock Exchange, 138 App. Div. 96, 122 N. Y. Supp. 872), the quicker and surer way to test the restraining order was to proceed to trial in October, rather than to remain under the injunction, with the doubtful prospect of its reversal by appealing from the order. Furthermore, the expenses of an unsuccessful motion to dissolve an injunction have not generally been recoverable. Allen v. Brown, 5 Lans. 511, 514; Randall v. Carpenter, 88 N. Y. 293; Lyon v. Hersey, 32 Hun, 253. Hence we see no ground to vary this part of the order.

[4] It is further maintained that the learned court allowed counsel too small fees. But the injunction was merely auxiliary to the main contest, and the fees here recoverable are not for the successful defense of a hard-fought litigation, but only for such legal services as related strictly to this provisional remedy. The fee to counsel at the trial was not for the entire preparation and the conduct of that hearing, but for those services necessary therein, in so far as that labor was increased by the injunction. This is the limit of the liability of plaintiffs and their surety. See Littleton v. Burgess, 18 Wyo. 58, 91 Pac. 832, 16 L. R. A. (N. S.) 49, 66. Outside the letter of this undertaking, there is no such recovery, since taxable statutory costs are all the legal expenses that the successful party may impose on its adversary. Such liability of the surety is confined stricti juris to the direct effect of the injunction, regardless of the general merits of the controversy. The court has therefore to be vigilant to see to it that such liability is kept within just and reasonable bounds, so that, in enforcing it, the court itself is not made the instrument of injustice and oppression. Cook v. Chapman, 41 N. J. Eq. 152, 159, 2 Atl. 286.

The order modifying the report of the referee should therefore be affirmed, with $10 costs and disbursements. All concur.