■ ELIZABETH J. HENDRICKS, Respondent, v. JOHN M. CAMPBELL, Appellant.— Appeal from an order of the Supreme Court, Rensselaer County, denying defendant's motion to increase the amount of an undertaking given in

support of a warrant of attachment from $250 to $4,000. The plaintiff obtained a warrant of attachment on June 6, 1956 on the grounds that the defendant was a resident of New York who was about to depart from the State with intent to defraud his creditors and to avoid the service of a summons. On June 18, 1956 the summons and a verified complaint were served on the defendant in Florida pursuant to section 235 of the Civil Practice Act. On July 14, 1956 the defendant served his answer and also a notice of motion to vacate the attachment on the ground that the moving papers were insufficient to establish a fraudulent intent to evade the action or to defraud creditors. This motion was denied without prejudice to a motion by the defendant to vacate on the ground that the plaintiff had not shown probable success in the trial of the action. The defendant then moved to increase the security and this was denied without prejudice to renewal should the plaintiff fail to promptly move the case from its deferred status upon the completion of the defendant's pretrial examination of the plaintiff. The defendant maintains that he would be entitled to certain expenses should he defeat the action to wit, counsel fees for vacating the attachment and for the trial of the action, expenses and taxes which might result from the property being tied up, broker's commission if the sale of property attached is not consummated, poundage payable to the Sheriff to discharge the attachment and premium on a bond to discharge the attachment, and that therefore the security should have been increased. As to the premium on a bond and the poundage payable to the Sheriff, should the defendant have the attachment discharged. The defendant has not sought to have the attachment discharged nor does it appear from the affidavit that he intends to do so. If he should do so these expenses could then be considered. Another item of damages are the expenses expected to be incurred from the property being tied up but it is not stated whether or not there is any income from the property which may be unaffected by the attachment. The defendant also includes as an element of damages a broker's commission which he will have to pay if a proposed sale of the attached property does not go through. It does not appear that the contract has been cancelled and this expense is again too speculative to be considered here. There is, however, one item of expense which entitles the defendant to an increase in the security and that is his counsel fees. It is undisputed that counsel fees for the motion to vacate are a proper element of damages. The rule as to whether counsel fees for the trial are recoverable is not so clear. The defendant may recover from the undertaking only those damages which he sustains by reason of the attachment. In *Olsen* v. *United States Fidelity & Guar. Co.* (230 N. Y. 31) where this problem was presented, the court referred by analogy to the rule in injunction cases saying that it should apply equally in the case of an attachment. "Where a motion is seasonably but vainly made to vacate the preliminary injunction, counsel fees upon the trial are a proper element of damage because they are regarded as having been incurred not only to dispose of the issues, but also to get rid of the injunction" (p. 36). There is some question, however, as to whether counsel fees are recoverable as a general rule in injunction cases regardless of whether a motion was made to dissolve the injunction (see *Disbrow* v. *Garcia*, 52 N. Y. 654; *Granulator Soap Co.* v. *Haddow*, 159 App. Div. 563). It was subsequently stated by the Court of Appeals in *Thropp* v. *Erb* (255 N. Y. 75) that the question of whether the defense on the merits is the result of the attachment must depend on the circumstances of each case and it was there held that the attachment had induced the defendant to appear and defend. Here the defendant has unsuccessfully moved to vacate the attachment and there is no question that the

only way in which he can rid himself of the attachment is by a trial. The defendant was served outside the State and although the attachment was unnecessary to obtain jurisdiction over him it is nevertheless obvious that it was the attachment which induced his appearance in the action. Therefore, in view of the circumstances it must be said that the defendant's defense on the merits will be the result of the attachment and therefore an increase in the security to $750 should be granted to cover his counsel fees for both the motion to vacate and the trial. Order modified by increasing security required to $750 and as so modified affirmed. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.