Matter of Bison El. Serv., Inc. v City of Buffalo (2021 NY Slip Op 02701)





Matter of Bison El. Serv., Inc. v City of Buffalo


2021 NY Slip Op 02701


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


1225.2 CA 19-01323

[*1]IN THE MATTER OF BISON ELEVATOR SERVICE, INC., PETITIONER-RESPONDENT,
v
CITY OF BUFFALO, STEVEN STEPNIAK, AS COMMISSIONER OF CITY OF BUFFALO DEPARTMENT OF PUBLIC WORKS, RESPONDENTS-APPELLANTS, AND D.C.B. ELEVATOR CO., INC., RESPONDENT. 






TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (THOMAS J. GAFFNEY OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered June 26, 2019 in a CPLR article 78 proceeding. The judgment, inter alia, granted money damages to respondent City of Buffalo. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating that part of the decretal paragraph ordering respondents-appellants to deduct the damages award from any unpaid invoices from petitioner for February and March 2019 and as modified the judgment is affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the award of an elevator maintenance contract by respondents City of Buffalo (City) and Steven Stepniak, as Commissioner of the City Department of Public Works (collectively, City respondents), to respondent D.C.B. Elevator Co., Inc. (DCB). After initially granting a preliminary injunction in petitioner's favor in December 2017 (2017 order), Supreme Court effectively granted the petition in February 2018 (2018 judgment) by annulling the award of the contract to DCB and directing the City respondents to readvertise for bids under the terms of the original request for proposals (RFP). On a prior appeal, we reversed the 2018 judgment, denied the petition, reinstated a $30,000 undertaking that petitioner had provided in connection with the preliminary injunction, and remitted the matter to Supreme Court to provide respondents an opportunity to make a motion for a determination of the damages, if any, sustained by reason of the preliminary injunction (Matter of Bison El. Serv., Inc. v City of Buffalo, 170 AD3d 1567, 1569-1570 [4th Dept 2019]).
On remittal, the City respondents moved for a judgment increasing the amount of petitioner's undertaking and determining the damages they sustained as a result of the preliminary injunction. The court, in effect, granted the motion in part and determined that the City respondents were entitled to $6,995 in damages, i.e., the difference paid by the City respondents as a result of contracting with petitioner rather than DCB for the 76-day period between the 2017 order granting the preliminary injunction and the 2018 judgment granting the petition. The court further ordered the City respondents to deduct the damages award from any unpaid invoices from petitioner for February and March 2019 and determined that the costs associated with the City respondents' prior appeal did not constitute damages related to the preliminary injunction. The City respondents appeal.
The City respondents contend that they are entitled to damages for the 17-month period between the 2017 order and this Court's reversal of the 2018 judgment, and costs associated with [*2]the prior appeal. We disagree.
Any party wrongfully enjoined by a preliminary injunction may recover only damages and costs that "may be sustained by reason of the injunction" (CPLR 6312 [b]). "[T]he party seeking such damages bears the burden of proof on each element of his [or her] claim" (Cross Props. v Brook Realty Co., 76 AD2d 445, 458 [2d Dept 1980]). Any damages must arise directly from the injunction, and damages cannot be recovered for costs related to litigating the merits of the case or other underlying issues (see id. at 458-459; Maltz v Westchester County Brewing Co., 167 App Div 95, 97-99 [2d Dept 1915]; Eisen v Post, 15 Misc 2d 59, 63-64 [Sup Ct, NY County 1958]). Here, the 2018 judgment granting the petition effectively terminated the preliminary injunction by granting relief on the merits to petitioner, and the City respondents thus are not entitled to damages that arose after that date (see Maltz, 167 App Div at 97-99; Eisen, 15 Misc 2d at 64). Nor are the City respondents entitled to costs associated with the appeal from the 2018 judgment because the appeal concerned the merits of the case and not the propriety of the preliminary injunction (see Maltz, 167 App Div at 97-99; see generally Republic of Croatia v Trustee of Marquess of Northampton 1987 Settlement, 232 AD2d 216, 216 [1st Dept 1996]; Matter of Sweets v Behrens, 118 Misc 2d 1062, 1066 [Sup Ct, Schenectady County 1983]). In light of our determination that the City respondents are not entitled to damages that exceed the amount of petitioner's undertaking, their contention that the undertaking should be increased is academic.
However, we agree with the City respondents that the court erred in offsetting the damages award against unpaid invoices from a period outside the scope of the preliminary injunction and therefore not relevant to the damages calculation (see generally Ell-Dorer Contr. Co. v P.T. & L. Constr. Co., 85 AD2d 866, 866 [3d Dept 1981]). Thus, we
modify the judgment accordingly.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court