JAMES E. HOLCOMB, Appellant, *v.* GEORGE RICE, Impleaded, etc., Respondent.

In a proceeding by reference to ascertain the damages sustained by a party in consequence of an injunction restraining him from exercising some legal right, it is proper to allow as part of the damages the expenses incurred upon the reference.

In proceedings to assess damages upon an undertaking given by plaintiff, in an action to set aside a bond and mortgage, in accordance with the condition of an order granting a temporary injunction to restrain a foreclosure, it appeared that there remained, after paying the costs of the foreclosure, the costs of the action and the deficiency upon the sale, in accordance with the terms of the undertaking, a margin sufficient to cover the damages allowed upon confirmation of the referee's report. The sureties bid in the property on the foreclosure sale and sought to include as a payment on account of the undertaking, the amount of their bid; this was disallowed. *Held,* no error; that the purchase of the premises by the sureties to protect themselves did not affect the question of the damages assessable against them.

(Argued March 12, 1890; decided March 21, 1890.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made May 4, 1886, which affirmed an order of Special Term, confirming in part the report of a referee assessing damages sustained by defendant by reason of an injunction.

This action was brought to set aside a bond and mortgage and to have the same cancelled as usurious. A temporary injunction was asked for and granted on condition "that the plaintiff give security by undertaking with sufficient sureties, in the sum of $4,000, * * * said undertaking to contain a provision that the plaintiff will pay to the said Rice the costs of the attempted statutory foreclosure, and the costs heretofore made and hereafter made in this action, and the deficiency that there may be on sale of the premises under the $3,000 mentioned in the complaint, and all damages not exceeding in all the said sum of $4,000 which he, the said Rice, may sustain by reason of the injunction, if the court shall finally decide that the plaintiff was not entitled thereto." An undertaking was given in compliance with the condition.

Upon trial of the action the complaint was dismissed. The foreclosure was proceeded with, and on sale the sureties bid off the property for $1,325, which sum they paid, also the deficiency arising after application of the sum bid on the bond, and the costs of foreclosure, the costs in this action, interest, etc., amounting to $2,883.92, the whole sum paid being $4,208.92.

In proceedings to assess defendant's damages on the undertaking, the court allowed as damages the referee's and stenographer's fees on the reference, amounting to $381.01. The sureties appealed, claiming that the amount bid on the foreclosure should have been allowed, and that this, with the items paid, was more than the amount of the undertaking.

*Leslie W. Russell* for appellant. The expenses of the reference should not be charged to the sureties as damages necessarily incurred by Rice. (*Newton* v. *Russell*, 87 N. Y. 527; Code Civ. Pro. §§ 623, 3236, 3240.) The court erred in allow-

ing for the unsuccessful effort to vacate the injunction, the expenses not only of two counsel, but of the defendant also, to Saratoga, and the charges of two counsel for arguing the motion. (*Lyon* v. *Hersey*, 32 Hun, 253 ; *Randall* v. *Carpenter*, 88 N. Y. 293.) This relief should not be granted to the defendant Rice on account of his delay. (*M. Church* v. *Barber*, 18 N. Y. 463 ; *James* v. *Hackett*, 16 Johns. 273 ; *Wakeman* v. *Goudy*, 10 Bosw. 208 ; *Craig* v. *Parkis*, 40 N. Y. 181 ; *Toles* v. *Adee*, 222.)

*E. Countryman* for respondents. The expenses were caused by the sureties and not by the defendant, and they should pay the cost thereof. (*Personnette* v. *Johnson*, 40 N. J. Eq. 532 ; *Rose* v. *Post*, 56 N. Y. 603 ; *Aldrich* v. *Reynolds*, 1 Barb. Ch. 613.) The case is clearly within the general doctrine rendering the sureties liable for all the damages sustained, including all counsel fees and expenses incurred by the defendant by reason of the injunction. (*Edwards* v. *Bodine*, 11 Paige, 224 ; *Corcoran* v. *Judson*, 24 N. Y. 106 ; *Andrews* v. *G. W. Co.*, 50 id. 282 ; *Rose* v. *Post*, 56 id. 603.)

*Per Curiam.* Upon a proceeding to ascertain the damages sustained by a party in consequence of an injunction restraining him in the exercise of some legal right, it is proper to allow, as a part of the damages, the expenses incurred upon the reference. (*Aldrich* v. *Reynolds*, 1 Barb. Ch. 613 ; *Lawton* v. *Green*, 64 N. Y. 326.) After complying with the terms of the undertaking by paying the costs of the foreclosure proceedings, the costs in the action and the deficiency upon the sale of the mortgaged premises, there still remained a margin in the amount of the undertaking, sufficient to cover the damages allowed by the court upon the confirmation of the referee's report. The sureties could not include as a payment on account of their undertaking, the amount at which they bid in the premises upon the foreclosure sale. Their undertaking was to indemnify the defendant mortgagee upon the injunction obtained by the plaintiff, pending his action to

restrain foreclosure proceedings and sale under the mortgage. If they purchased the premises to protect themselves, that fact in no wise affects the question of the damages assessable against them. The delay in taking the proceeding to assess the damages against the sureties did not affect the claim on the undertaking. In the settlement between the mortgagee and the sureties after the foreclosure sale, the balance of the claim for damages was left open for future adjustment. The referee so found and there was evidence to support his finding.

The other questions have been rightly disposed of and the order should be affirmed with costs.

All concur.

Order affirmed.