HENRY YOUNGS and Others, Appellants, *v.* PATRICK J. McDONALD,. Respondent.

*Injunction undertaking — when counsel fees paid on the trial are recoverable there-- under — services rendered prior to the entry of the order continuing the injunc-- tion are not.*

An undertaking, given in an action to restrain the defendant from removing certain fixtures which had been placed upon the premises leased by him from. the plaintiffs, provided that the plaintiffs " will pay to the said defendant such damages, not exceeding the sum of $3,000, as the defendant may sustain by reason of the said injunction, if the court shall finally decide that the plain-- tiffs are not entitled thereto."

The complaint having been dismissed upon the trial of the action, on a reference to ascertain the amount to which the defendant was entitled, it was

*Held,* that the court having continued the temporary injunction during the pendency of the action notwithstanding the defendant's objection, thus oblig- ing the defendant to proceed to the trial of the action in order to procure a dissolution of the injunction, he was, therefore, entitled to an allowance for counsel fees incurred upon the trial;

That the defendant was not entitled to recover counsel fees paid for services of counsel rendered in unsuccessfully opposing the motion to continue the injunc- tion, nor for any services rendered prior to the entry of the order continuing the injunction.

APPEAL by the plaintiffs, Henry Youngs and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of July, 1900, overruling the plaintiffs' exceptions to the report of a referee appointed to ascertain the damages sus- tained by the defendant in consequence of an injunction theretofore issued in the action, and confirming such report.

*Clarence E. Thornall*, for the appellants.

*James A. Douglas*, for the respondent

INGRAHAM, J.:

This action was brought to restrain the defendant from removing certain fixtures which had been placed upon premises leased by him from the plaintiffs, which he claimed he had a right to remove at the expiration of the lease. The action was commenced in April, 1899. On the twenty-fourth day of that month an injunction order

was granted by one of the justices of this court, which contained an order to show cause why such injunction should not be continued during the pendency of the action. The Special Term, by order entered July 17, 1899, continued the injunction, notwithstanding the opposition of the defendant, on condition that the plaintiffs execute, file and serve an undertaking in the sum of $3,000 to pay any damage which the defendant sustained by reason of the said injunction. The order further provided : "The grounds for granting the above injunction are, that the doing of the above restrained acts pending the litigation, would render a judgment in favor of plaintiffs ineffectual and would be in violation of plaintiffs' rights." In compliance with this condition, an undertaking was filed by the Union Surety and Guaranty Company, by which the surety undertook that the plaintiffs "will pay to the said defendant such damages, not exceeding the sum of $3,000, as the defendant may sustain by reason of the said injunction, if the court shall finally decide that the plaintiffs are not entitled thereto." When this injunction was continued and the undertaking given the case had been noticed for trial by both parties, and the trial had been fixed for a day certain prior to the decision of the motion to continue the injunction, but the case was not tried until the following October. The trial resulted in a final judgment dismissing the complaint in the action, with costs, entered on January 23, 1900. Subsequent to the entry of the judgment the defendant applied to the court to ascertain the damage sustained by the defendant by reason of said injunction and a referee was appointed for such purpose. The referee reported that the defendant had necessarily incurred expense, *first*, for services of counsel retained by him in procuring a dissolution of said injunction and opposing the making thereof in the sum of $1,735, being the reasonable value of said services over and above the general costs recovered in the action ; *second*, for the reasonable value of the services of counsel retained in procuring the order of reference to assess the damages therein in the further sum of $40 ; and, *third*, for the reasonable value of counsel's services upon the said reference in the sum of $300. The referee further reported that he allowed $1,500 for services generally in preparation for and upon the trial of the action and $300 for the ·

services rendered upon the motion for the continuance of the injunction on the return of the order to show cause; and allows no damage to the defendant for the withholding of possession of the fixtures which are the subject of the action. The total amount allowed by the referee was $2,075, with the fees of the referee and stenographer upon the reference. The plaintiffs excepted to this report, but such exception was overruled and the referee's report confirmed, and from the order confirming the same the plaintiffs appeal to this court.

The allowance by the referee for the reasonable value of services of counsel retained to prosecute this proceeding for the ascertainment of the damages sustained by the defendant in consequence of the injunction seems to be proper, as the referee had personal knowledge of the services rendered in the proceeding before him, and the witnesses as to the value of the services were examined before him. His finding upon that subject seems to be sustained by the evidence, and we are not disposed to interfere with the amount fixed by him for such services. We do not think that the plaintiffs are liable for the counsel fees incurred in opposing the motion to continue the injunction during the pendency of the action. The question that was then presented to the Special Term was whether an injunction should continue during the pendency of the action. The expense incurred by the defendant in the argument of that motion was not a damage or injury caused to him by the continuance of the injunction, as it was incurred before the injunction was continued and before the bond was given. The question was whether or not there should be an injunction, and whether or not such injunction when granted would cause the defendant injury had no relation to a determination of the question as to whether or not it should be granted. This question was presented to the late General Term of the Supreme Court in the first department in the case of *Whiteside* v. *Noyac Cottage Assn.* (84 Hun, 555) where the court said: "It (the injunction) was granted, as we have already said, upon notice, and the counsel fees paid by the defendant for opposing the application for the injunction do not constitute damages occasioned to him by the injunction granted. And it is for damages resulting to him because of the granting of the injunction that the surety agrees to respond."

The remaining question is as to the allowance by the referee of

the sum of $1,500 for the services of counsel in preparing for and upon the trial of the action. The rule that has been established in relation to the liability of a surety upon such an undertaking as to counsel fees incurred by the defendant for the trial of the action seems to be that ordinarily such counsel fees will not be allowed as damages sustained by the injunction ; that to justify such an allowance it must appear that the defendant had made all reasonable and proper efforts to obtain a dissolution of the injunction and had failed, so that the trial of the action was necessary to get rid of the preliminary injunction. The sureties in such a case are liable only for the damages caused by the preliminary injunction. The expenses incurred by the defendant in defending the suit not necessary to prevent the preliminary injunction from becoming permanent are not damages caused by reason of the preliminary injunction ; and thus, in *Phœnix Bridge Co.* v. *Keystone Bridge Co.* (10 App. Div. 176) we held that where an injunction was granted upon notice, but without opposition on the part of the defendant, and where no motion was made to vacate it, the counsel fees on and before the trial were not properly allowed. The distinction between that case and this is that in this case the defendant did appear and oppose the continuance of the injunction. The court, however, continued the injunction. There was thus imposed upon the defendant the obligation of trying the action in order to procure a dissolution of the injunction which had been continued in force until the final judgment. No motion subsequently made to vacate that injunction would have been effectual, as the parties to the action were bound by the adjudication that the injunction should continue until the final judgment in the action. The defendant had done everything he could to avoid the continuance of this injunction. The only way in which he could get rid of it was by a trial of the action. The case is thus brought directly within the case of *Andrews* v. *Glenville Woolen Co.* (50 N. Y. 282) where the court held that the counsel fee upon the trial in that case could be allowed, saying : " The defendant made the proper effort to dissolve the injunction before the trial. The court required that the question should be deferred, to be disposed of on the trial. A trial was, therefore, necessary, not merely to dispose of the issues, but to get rid of the injunction. Until the

cause should be tried the defendant was obliged to submit to the restraint. It was placed in that position by the order of the court and not by its own *laches*." This is applicable to the case at bar. Nothing that the defendant could do would have enabled him to be relieved from the restraint contained in this injunction, except a trial of the action. To such a trial he was forced by the order of the court continuing the injunction, and the necessary expenses incurred by him in thus procuring relief from the restraint contained in the injunction order were properly damages caused by the granting of the injunction. This principle was recognized in *Hovey* v. *Rubber-Tip Pencil Co.* (50 N. Y. 336), decided at the same term of the court as was *Andrews* v. *Glenville Woolen Co.* (*supra*). The distinction between these two cases is sharply drawn. To entitle the defendant to recover the costs of the trial it must appear that such a trial was necessary to procure a revocation of the preliminary injunction. If, by reason of the defendant's *laches*, or a failure to move to vacate the injunction, the injunction is continued to the trial, then the defendant will not be allowed the expenses incurred by him in trying the action. Where, however, the defendant has done all that he could do to avoid the continuance of the injunction until the trial, but notwithstanding such efforts the injunction is continued and a trial is necessary to remove the restraint, then the necessary expenses incurred in preparing for and upon the trial of the action are damages sustained by the defendant in consequence of the injunction.

We think, therefore, that the defendant was entitled to be paid the expenses incurred upon the trial of the action. The amount allowed by the referee was the sum of $1,500. A statement of the services rendered by counsel was put in evidence, which included all the services rendered in the action from the time of the service of the complaint until the entry of final judgment. These services included the preparation of the affidavits in opposition to the motion to continue the injunction, the argument of that motion, the preparation of the answer, the entry of the order continuing the injunction, the justification of the sureties given upon the undertaking, the preparation for trial, services rendered upon the trial and entry of the final judgment, and for these services as a whole the referee based his allowance of $1,700. It would seem to be quite clear that

the defendant would not be entitled to recover for the services rendered by counsel prior to the entry of the order continuing the injunction. That order was entered on the seventeenth of July. All the services rendered in the preparing for the trial of the action appear to have been rendered prior to that time. What was done after that was the trial of the case on October ninth and tenth, and the forwarding of the papers to the judge who tried the case on the twentieth, and the services that were rendered between January 16, 1900, and February 13, 1900, in preparing the final judgment and procuring it to be entered. The referee does not seem to have made a separate allowance for the services that were rendered on the entry of the order continuing the injunction, but allowed for all of the services both prior and subsequent to the entry of such order the sum of $1,500, excluding the services rendered in opposition to the motion to continue the injunction. As we have the evidence of the witnesses before us it would seem proper to avoid the expense and delay incident upon a retrial of this question before a referee; and I think a fair allowance for the services rendered subsequent to the entry of the order continuing the injunction would be $500. The result, therefore, is that the order appealed from is modified and the objections filed by the plaintiffs to the allowance by the referee of the sum of $300 for the services in opposing the motion to continue the injunction and to the $1,500 allowed for services rendered to the plaintiff generally in the action sustained, the award of $300 for services rendered in opposition to the motion to continue the injunction disallowed, and the amount allowed for the services on the trial of the action fixed at the sum of $500, and the order appealed from as thus modified affirmed, without costs to either party on this appeal.

Van Brunt, P. J., Patterson, O'Brien and Hatch, JJ., concurred.

Order modified as directed in opinion, and as modified affirmed, without costs to either party.