VIRGINIA KELLY, Appellant, v. ESMOND MYRICK, Respondent.

First Department, June 1, 1923.

Injunctions — motion to vacate judgment for damages caused by injunction — Civil Practice Act, §§ 894-896, construed — person who is not party to undertaking is not entitled to damages — referee can fix amount of damages only at amount not greater than that in undertaking — court in confirming report cannot direct entry of judgment.

An order denying plaintiff's motion to vacate a judgment for damages against plaintiff after an assessment before a referee of the amount of damage that accrued because of the issuance of an injunction against the defendant will be reversed, where it appears that the plaintiff was not a party to the undertaking, that the report of the referee appointed to assess damages fixed the amount greatly in excess of that stated in the undertaking, and that the order confirming the report of the referee directed that the defendants have judgment therefor against the plaintiff and that execution issue.

Under sections 894-896 of the Civil Practice Act, where the party to an undertaking is liable for damages, on the final dismissal of an action in which a temporary injunction has been granted, those damages may be ascertained by reference, and the amount found is conclusive against any party to the undertaking in an action brought thereon, but the court has no power in confirming the report of the referee to direct the entry of a judgment in favor of the defendant for the amount of damages fixed.

**638**              KELLY v. MYRICK.

APPEAL by the plaintiff, Virginia Kelly, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of March, 1923, denying plaintiff's motion to vacate a judgment in favor of the defendant for damages caused by an injunction and to modify an order confirming the report of a referee pursuant to which said judgment was entered by limiting the amount of damages to $200.

*Aiken A. Pope*, for the appellant.

*Fred Francis Weiss*, for the respondent.

McAVOY, J.:

The order here allowed the entry of judgment for $5,225 damages against plaintiff after an assessment before a referee of the amount of such damage as had accrued because of the issuance of an injunction against defendant. The suit finally terminated in behalf of defendant. The amount of the bond filed on the injunction order *ex parte* was but $200; the amount of the bond required on the litigated order was fixed at $5,000; the bond in this amount was never furnished. There is no authority for the entry of a judgment such as this order directs. Sections 894, 895 and 896 of the Civil Practice Act govern the practice in applications of this kind. Where the party to the undertaking is liable, on the final dismissal of the action or vacation of the injunction, to pay damages, those damages may be ascertained by reference, and the amount found is conclusive against any party to the undertaking in an action brought on the undertaking. The sections mentioned do not provide a summary proceeding for a judgment against a party to the undertaking. Much less may such damages be ascertained and a judgment awarded against a party who has not signed the undertaking. The cited sections merely provide a method of speedy ascertainment of damage, and such sum so found is conclusive against parties to the undertaking in an action thereon. The order here is erroneous because

(1) Plaintiff was not a party to the undertaking given to obtain the preliminary injunction herein, and

(2) The function of an order confirming a referee's report on a reference to ascertain damages is limited to the ascertainment and fixation of the amount of damages, and no affirmative money judgment may be included in such order.

The judgment entered herein on January 26, 1923, should be vacated, and the order confirming the report of the referee should be modified by striking out the clause therein which " Ordered, Adjudged and Decreed that the defendant recover of the plaintiff

the sum of $5,225 and that the defendant have judgment therefor against the plaintiff, and that execution issue," substituting in lieu and instead thereof a clause fixing and limiting the amount of damages to be recovered in any action brought on the undertaking to the sum of $200, the amount of the undertaking which was given herein.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted as above indicated.

CLARKE, P. J., DOWLING, MERRELL and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted as indicated in opinion. Settle order on notice.