LEWITTES & SONS, INC., Appellant, *v.* MAX PERLOW, Individually and as President of NATIONAL FURNITURE WORKERS INDUSTRIAL UNION, an Unincorporated Association of Seven or More Members, WILLIAM SHOPPER and Others, Respondents.

First Department, April 29, 1938.

*Paul Abrams*, for the appellant.

*Edward Kuntz*, for the respondents.

O'MALLEY, J. Involved herein are two questions, (1) the propriety of directing the entry of judgment incorporated in an order confirming a referee's report assessing damages under a bond given on the obtaining of an injunction, and (2) whether the referee was justified in awarding damages for certain items.

Statutes are generally to be construed as prospective only, even if remedial, where a new right is established. (*Jacobus* v. *Colgate*, 217 N. Y. 235, 240.) Here action was commenced and the bond given before the effective date of section 876-a of the Civil Practice Act, and the obligation of the surety was given in contemplation of existing law. That statute, in our opinion, should not be held applicable. (See *Micamold Radio Corp.* v. *Beedie*, 156 Misc. 390; *Kronowitz* v. *Schlansky*, Id. 717.) It was error, therefore, in confirming the referee's report to direct entry of judgment, as such was not authorized under the old practice. (*Kelly* v. *Myrick*, 205 App. Div. 637.)

Any damages to be awarded should be in favor of those only who were named in the bond and who appeared in opposition to the motion for the injunction. (*Gagnon* v. *Aracoma-Kenton Co., Inc.*, 228 App. Div. 524.) Counsel fees for opposing the motion should not have been granted, as they were not incurred " by reason of the injunction." (*Whiteside* v. *Noyac Cottage Assn.*, 84 Hun, 555; *Youngs* v. *McDonald*, 56 App. Div. 14; affd., 166 N. Y. 639.) It was error likewise to award damages for opposing a motion to dismiss defendants' counterclaim and affirmative defense, and in the preparation for and attendance at the trial, since the dissolution of the injunction would not have dispensed with a trial. Money damages, as well as injunctive relief, were demanded in the complaint, and defendants had interposed a counterclaim.

Nor was the defense of one Carter in the Magistrates' Court within the purview of the bond, since he was not a party to the action, nor had he been served with any process.

It follows, therefore, that the order appealed from should be reversed and the judgment vacated, with costs to the appellant, and the matter remitted to an official referee for an assessment of damages in accordance herewith, and an order to be entered upon the coming in of his report at Special Term, Part I, by the justice then and there presiding.

TOWNLEY, GLENNON and UNTERMYER, JJ., concur; CALLAHAN, J., taking no part.

Order reversed and judgment vacated, with costs to the appellant, and the matter remitted to an official referee for an assessment of damages in accordance with opinion. Settle order on notice.