Henry Clay Greenberg, J.
This is an application, pursuant to section 894 of the Civil Practice Act, for the ascertainment and determination by the court of the damages sustained by defendant Schweitzer by reason of the injunction granted against him initially by order to show cause upon a $5,000 injunction bond and with continued application of said bond, *61 by the order of temporary injunction thereafter entered over his opposition. The court having finally decided that the plaintiff was not entitled to the injunction, he and his surety are required to pay to Schweitzer, the party enjoined, such damages, not exceeding the sum specified in the undertaking, as he may have sustained ‘1 by reason of the injunction ’ ’ (Civ. Prac. Act, § 893).
Plaintiff, a 50% stockholder in a “ real estate ” corporation, brought this action to set aside the sale to Schweitzer of its leasehold interest in the Theatre de Lys which was to run to April 30, 1959. As this was substantially the sole asset of the corporation, the transfer to Schweitzer by the officers of the corporation was attacked as not made in the regular course of its business and, therefore, in the absence of appropriate stockholder consent, violative of section 20 of the Stock Corporation Law. The temporary injunction obtained by plaintiff restrained Schweitzer from taking any action with respect to the leasehold purchased by him. An immediate trial of the action, however, was directed, and Schweitzer promptly filed a short note of issue bringing the case on for trial without any delay. This resulted in a judgment dismissing all causes of action in the complaint and vacating the temporary injunction order. On appeal, the Appellate Division reversed, but the Court of Appeals reinstated, the judgment of Special Term (1 A D 2d 344, revd. 3 N Y 2d 518).
The parties have stipulated as to the facts involved in the ascertainment of Schweitzer’s alleged damages. These consist solely of attorneys’ fees claimed to have been necessarily incurred because of the injunction order. It has been stipulated that the fair and reasonable value of the legal services rendered by Schweitzer’s attorneys in connection with his opposition to the motion for temporary injunction is the sum of $1,000; in connection with the preparation for and the trial of the action, $5,000; on the appeals to the Appellate Division and the Court of Appeals, $3,000 each; and on the present application to ascertain his damages, $1,000. Plaintiff’s position is that no counsel fees whatsoever are recoverable as matter of law. It should be noted that the recovery here may not in any event exceed the sum of $5,000, since the limit of liability for injunction damages is the amount specified in the undertaking (Lawton v. Green, 64 N. Y. 326).
The clearest item of services attributable to the injunction appears to be that rendered in opposing, albeit unsuccessfully, before trial, the continuation of the injunctive provision of the order to show cause in the order for a temporary injunction *62 (Brooks v. Racich Asbestos Mfg. Co., 137 App. Div. 280; cf. Sargent v. St. Mary’s Orphan Boys’ Asylum, 190 N. Y. 394). The injunction bond with its covenant to pay defendant’s damages was already in force when these services were rendered. Not in point are earlier cases under the practice then prevailing, wherein the injunction bond was not given until the disposition of the motion for temporary injunction (see Youngs v. McDonald, 56 App. Div. 14, affd. 166 N. Y. 639), or wherein it was held that defendant’s failure to move to vacate the injunction and to exhaust his remedy by motion precluded the claim that any legal services were made necessary “ by reason of the injunction”. (Hovey v. Rubber Tip Pencil Co., 50 N. Y. 335; Newton v. Russell, 87 N. Y. 527; Whiteside v. Noyac Cottage Assn., 84 Hun 555; Bock v. Bohn, 29 Misc. 102.)
The question of allowing counsel fees in preparing for and trying the case presents a much more complex problem. There is a wide divergence of judicial opinion in the different jurisdictions concerning this matter of attorney’s fees incurred in the trial of the main suit as an element of the damages allowable in an action on the injunction bond (see 164 A. L. R. 1088 et seq.).
The general rule —■ that trial fees, to be allowable, must have been incurred solely or principally in consequence of the injunction-— is simply stated but sometimes difficult to apply. Where the relief sought by the plaintiff is solely a permanent injunction, so that the preliminary injunction proceedings and the trial present the same question, there appears to be no good reason to deny trial fees to a defendant who has exhausted all available remedies by motion to get rid of the temporary injunction and is forced to go to trial on the same issues to obtain a dissolution thereof (Youngs v. McDonald, supra; Brooks v. Racich Asbestos Mfg. Co., supra). Here, to be sure, plaintiff did demand in his complaint a permanent injunction as against this defendant, but other relief was also requested, including the primary one of setting aside the sale of the leasehold interest. The injunctive relief, plaintiff argues, was merely demanded as an ancillary measure to assure preservation of the subject matter of the action in the event he was successful in setting aside the sale. But this argument with relation to the state of the pleadings is too narrow a view of the question.
Basically, to determine whether the expense of a trial is the necessary and proximate result of an injunction pendente lite, one should regard the problem it presents to the particular defendant. ‘ ‘ The question is whether the defendant was con *63 strained to try the present case to vacate the injunction or for the sake of a favorable determination of the issues themselves. To determine that, the defendant’s predicament in the matter must be considered” (Granulator Soap Co. v. Haddow, 159 App. Div. 563, 564-565; see, also, 43 C. J. S., Injunctions, § 315. p. 1104).
In Granulator, defendant who had counterclaimed for independent relief was not allowed to recover trial fees as damages on the bond because “ the disposition of the issues in his favor gave defendant a necessary status which the mere vacation of the injunction would not” (p. 566). That defendant went to trial not merely to be rid of the injunction relating to improvements of his patent but rather to free himself from the entire agreement of patent assignment made with the plaintiff. Referring to other cases where such fees were allowed as damages, the court pointed out that there the defendants, were it not for the temporary injunction, would have been indifferent whether the case was ever tried, since they could exercise all their rights without a trial and did not need to go to trial to preserve or gain any rights.
In Perlman v. Bernstein (93 App. Div. 335, 337, affd. 179 N. Y. 531) involving, as here, an action to set aside a lease, reference was made to the fact that the injunction order “ entirely tied the defendant’s hands and prevented his enjoyment of the leased premises ”. Plaintiff had then discontinued the action before trial. Counsel fees earned in opposing the temporary injunction were allowed as damages. Although it is obiter, it is interesting to note the court’s comment that, had there been a trial, defendant’s trial expenses would also have been recoverable because ‘ ‘ the expenses in connection with that would have been necessarily rendered in order to permit the defendant to have the advantage of the contract of lease which he had made ” (p. 338).
In the case at bar defendant Schweitzer, having done all that he could to oppose the continuance of the injunction, was forced to go to trial, requesting and obtaining an immediate trial, in order to get rid of the injunction so that he could proceed to make use of the sublease which he had purchased. He was not interested in the trial as such. It represented for him the only available means remaining by which the injunction could be dissolved. Indeed, the issues and questions for determination on the trial which concerned him were precisely the same as those previously presented on the motion for temporary injunction and decided adversely to him pending the trial of the action.
*64 Under these circumstances his necessary expenses incurred in preparing for and on the trial of the action are damages sustained in consequence of the injunction.
Since the maximum amount recoverable herein has now been reached, it is unnecessary to consider the other items of legal services claimed.
But it may be noted that the counsel fees earned on the appeals would not be recoverable as damages “by reason of the injunction ” (Town of Guilford v. Cornell, 4 Abb. Prac. 220; Maltz v. Westchester County Brewing Co., 167 App. Div. 95). The temporary injunction order had been dissolved and lost its force upon entry of the judgment; and the issues on the appeals involved only the merits of the ease. The situation would have been different had the temporary injunction been continued on appeal, as was the case in Continental Securities Co. v. New York Central R. R. Co. (179 App. Div. 355, affd. 222 N. Y. 650).
The last item of counsel fees for the pending assessment application, being necessary to establish the damages sustained because of the injunction, is itself recoverable provided the court finds that defendant has sustained some damages which call for assessment.
It should be observed that, under the stipulation of the parties, the court could not, even if this were deemed a proper case therefor, segregate the services rendered in procuring the dissolution of the injunction from the services rendered in the action generally — a procedure which was approved in Maltz v. Westchester County Brewing Co. (supra) under the conditions there obtaining.
We may also take note of the fact that plaintiff would have been liable only for the usual statutory costs if he had not applied for and obtained a temporary injunction. When he took the risk involved in obtaining such an injunction, preventing Schweitzer from making any use of the leasehold he had purchased, he rendered himself liable in the event of an adverse final determination for damages sustained by Schweitzer by reason of the injunction, including counsel fees attributable thereto.
The damages sustained by defendant Schweitzer by reason of the injunction contained in the order to show cause dated March 31, 1955 and continued in the order dated April 29, 1955 are accordingly fixed at the sum of $5,000, the maximum recoverable thereunder.
Settle order.