James H. Boomer, J.
Plaintiff procured a preliminary injunction enjoining the defendants from aiding a Japanese corporation in the production and sale of soft contact lenses in Japan. As a condition for the granting of the preliminary injunction, plaintiff posted an undertaking "that the plaintiff, if it is finally determined that he was not entitled to an injunction, will pay to the defendants all damages and costs which may be sustained by reason of the injunction” (CPLR 6312, subd [b]).[1] Testimony was taken upon the application for the preliminary injunction and the defendant opposed the application. The action for the permanent injunction proceeded to trial and it was adjudged that a permanent injunction was not warranted. Defendants now make application to recover under the undertaking their costs, consisting of attorneys’ fees and court expenses in opposing the motion for the preliminary injunction and in defending the action upon the trial.
On this application the defendants are not entitled to the legal fees and expenses incurred by them in opposing the application for the preliminary injunction (Youngs v McDonald, 56 App Div 14, affd 166 NY 639; Randall v Carpenter, 88 NY 293; Lewittes & Sons v Perlow, 254 App Div 94; Tyng v American Sur. Co., 69 App Div 137, affd 174 NY 166). In Youngs v McDonald (supra, p 16), the court quoting from Whiteside v Noyac Cottage Assn. (84 Hun 555) states, "It (the injunction) was granted, as we have already said, upon notice, and the counsel fees paid by the defendant for opposing the application for the injunction do not constitute damages occasioned to him by the injunction granted.”
*578 Defendants are entitled to legal fees and expenses in preparing for and trying the action for the permanent injunction.
Counsel fees on the trial of the main action are allowed where a trial is necessary to get rid of the preliminary injunction and when the principal issue upon the trial involves the right to injunctive relief. Here the plaintiff claims that the license granted to plaintiff was exclusive and, therefore, the defendants have no right to license or assist the Japanese corporation. It asked for a preliminary injunction prohibiting the defendants from licensing or assisting the Japanese corporation and plaintiff also asked for a declaratory judgment and for damages for the breach of the license agreement. No proof of damages was offered. I do not feel that the addition of a prayer for declarative relief changed the principal nature of the action as one for a permanent injunction. I find it impossible to distinguish the case from the case of Youngs v McDonald (56 App Div 14, affd 166 NY 639).
In Youngs (supra), the action was brought for a permanent injunction to restrain the defendant from removing fixtures placed by him on premises leased from the plaintiff. A preliminary injunction was granted restraining the removal of the fixtures pending the trial. Upon the trial it was determined that the defendant had a right to remove the fixtures and the complaint was dismissed. It was held that the defendant was entitled to collect as damages under the undertaking the attorneys’ fees upon the trial of the action. The court stated (p 17), “The defendant had done everything he could to avoid the continuance of this injunction. The only way in which he could get rid of it was by a trial of the action.”
The case of Eisen v Post (15 Misc 2d 59) contains an excellent discussion of the rule concerning attorneys’ fees on the trial of the action as an item of damages (pp 62-63):
“The general rule — that trial fees, to be allowable, must have been incurred solely or principally in consequence of the injunction — is simply stated but sometimes difficult to apply. Where the relief sought by the plaintiff is solely a permanent injunction, so that the preliminary injunction proceedings and the trial present the same question, there appears to be no good reason to deny trial fees to a defendant Who has exhausted all available remedies by motion to get rid of the temporary injunction and is forced to go to trial on the same issues to obtain a dissolution thereof (Youngs v McDonald, *579 supra; Racich Asbostos Mfg. Co. v Brooks, 146 App Div 14). Here, to be sure, plaintiff did demand in his complaint a permanent injunction as against this defendant, but other relief was also requested, including the primary one of setting aside the sale of the leasehold interest. The injunctive relief, plaintiff argues, was merely demanded as an ancillary measure to assure preservation of the subject matter of the action in the event he was successful in setting aside the sale. But this argument with relation to the state of the pleadings is too narrow a view of the question.
"Basically, to determine whether the expense of a trial is the necessary and proximate result of an injunction pendente lite, one should regard the problem it presents to the particular defendant. 'The question is whether the defendant was constrained to try the present case to vacate the injunction or for the sake of a favorable determination of the issues themselves. To determine that, the defendant’s predicament in the matter must be considered.’ (Granulator Soap Co. v Haddow, 159 App Div 563, 564-565; see, also, 43 C. J. S., Injunctions, § 315, p 1104.)”
Here, as in Eisen v Post (supra, pp 63-64), the defendants, "having done all that * * * [they] could do to oppose the continuance of the injunction * * * [were] forced to go to trial, requesting and obtaining an immediate trial, in order to get rid of the injunction so that * * * [they] could proceed to make use * * * [of their license] * * * [They were] not interested in the trial as such. It represented for * * * [them] the only available means remaining for which the injunction could be dissolved, indeed, the issues and questions on the trial which concerned * * * [them] were precisely the same as those previously presented on the motion for temporary injunction and decided adversely to * * * [them] pending the trial of the action.
"Under these circumstances * * * [their] necessary expenses incurred in preparing for and on the trial of the action are damages sustained in consequence of the injunction.”
Defendants are entitled to their legal fees and expenses incurred and to be incurred in making their application to assess their damages (Sarafian v United States Fid. & Guar. Co., 167 App Div 597; Rose v Post, 56 NY 603; Holcomb v Rice, 119 NY 598).
A trial is necessary to determine whether the particular items of expenses claimed were reasonable and necessary.

. The undertaking contained the word “solely” before the phrase "by reason of the injunction.” The addition of this word is immaterial and the undertaking given will be construed in accordance with the statutory requirement of the CPLR.