■ CLARENCE A. SWEETS, Individually and as Administrator of the Estate of WILLIAM J. SWEETS, Deceased, Respondent, v MAURINE G. BEHRENS, Appellant, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered October 15, 1981 in Schenectady County, which, *inter alia,* denied defendant Behrens' cross motion to dismiss the complaint for failure to state a cause of action and for lack of subject matter jurisdiction. William Sweets was employed by the General Electric Company in Schenectady, New York, from approximately 1954 until his death on October 31, 1980, and while employed there, he enrolled in various employee benefit programs. His original beneficiary designation for each of the employee benefit programs was his mother. After her death in 1976 and that of his father two years later, he changed all his beneficiary designations to defendant

---

Maurine Behrens, a childhood friend with whom he apparently re-established contact around 1978. Following William Sweets' death, his brother, plaintiff herein, brought the instant action to recover the assets in the employee benefit programs from defendant Behrens. Special Term denied defendant Behrens' cross motion to dismiss the complaint and granted plaintiff's motion for a preliminary injunction. This appeal by defendant Behrens followed. The only cause of action which plaintiff seriously advances is recovery of property transferred in contemplation of marriage, under section 80-b of the Civil Rights Law. The full extent of decedent's employee-related assets, as produced by defendants General Electric Company and Metropolitan Life Insurance Company, consisted of a General Electric Savings and Security program, a General Electric Pension Plan, and a life insurance policy obtained through General Electric and underwritten by Metropolitan Life Insurance Company. William Sweets retained the incidents of ownership for all these employee benefit programs throughout his lifetime, including reservation of the right to change his beneficiary for each of them. No *inter vivos* gift was made since there was neither physical delivery nor constructive conveyance to defendant Behrens, or to any third person, so as to vest dominion and control over the property in her (*Matter of Szabo*, 10 NY2d 94, 98; *Beaver v Beaver*, 117 NY 421). In other words, no present transfer of these assets, an essential element of a cause of action under section 80-b of the Civil Rights Law, took place during decedent's lifetime (*Gaden v Gaden* 29 NY2d 80; *Lowe v Quinn*, 27 NY2d 397). Defendant Behrens' right to them only became absolute at his death (see *Matter of Totten*, 179 NY 112, 126; *Barbour v Equitable Life Assur. Soc. of U. S.*, 174 App Div 759, 761, affd 225 NY 675). Since there was no viable cause of action under section 80-b available to decedent, there likewise is none available to his personal representative under EPTL 11-3.1. For the foregoing reasons, Special Term's order should be reversed and the complaint dismissed. Order reversed, on the law, with costs, and cross motion by defendant Behrens to dismiss the complaint granted. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.