OPINION OF THE COURT
Robert F. Doran, J.
On May 5,1981, the plaintiff obtained a temporary order restraining payment of various employment benefits payable to defendant Behrens as beneficiary which were earned through the employment of William J. Sweets, deceased, with the General Electric Company (G.E.). The benefits consisted of group life insurance proceeds, a pension refund and proceeds of a G.E. savings and security program. The benefits totaled $98,700 without interest.
The order to show causé granting the temporary restraining order set the return date as May 14,1981 to show cause why a preliminary injunction should not be granted. The order to show cause did not require an undertaking (see CPLR 6313, subd [c]).
The underlying complaint alleged causes of action based on: (1) section 80-b of the Civil Rights Law, (2) breach of contract, (3) unjust enrichment, and (4) breach of implied contract.
The preliminary injunction was heard at Special Term on June 25, 1981, and, as a result, an order was signed granting a preliminary injunction on August 7, 1981 and denying defendant Behrens’ cross motion to dismiss the complaint. The order mandated a $25,000 undertaking. By decision of the Appellate Division, Third Department, dated May 27, 1982, the order was reversed and the complaint dismissed (88 AD2d 745). Implicit in the decision of the Appellate Division, Third Department, was that the plaintiff wás not entitled to a preliminary injunction and an implicit finding is all that is needed to grant damages under CPLR 6312 (subd [b]) (Cross Props. v Brook Realty Co., 76 AD2d 445).
As a result of the foregoing, defendant Behrens has moved pursuant to CPLR 6315 for a “judgment” assessing damages against the plaintiff. Although the moving papers *1064 request a judgment, the court points out that the summary procedure of CPLR 6315 can result only in an order fixing damages and defendant Behrens would have to next commence an action on the undertaking to obtain a judgment (see 7A Weinstein-Korn-Miller, NY Civ Prac, par 6312.12). In such an action, defendant Behrens would be relieved of the burden of proving damages by virtue of any order herein.
Whether the surety, which apparently — from the papers before the court — has not been noticed, will be bound by this CPLR 6315 procedure is a question not before this court, but it appears that notice is required (see 7A Weinstein-Korn-Miller, NY Civ Prac, par 6315.04). Should defendant Behrens decide to notice the surety, this court will retain jurisdiction and entertain an appropriate order to show cause.
Defendant Behrens seeks total damages of $16,071.69, comprised of three elements: (1) interest lost on the moneys withheld, (2) counsel fees and disbursements of defendant Behrens, and (3) interpleader counsel fees and expenses paid to defendants, the General Electric Company and the Metropolitan Life Insurance Company.
The plaintiff contends that no damages whatsoever should be awarded, since damages are recoverable only where the injunction was obtained in bad faith. The plaintiff cites Brooklyn Cons. Lbr. Corp. v City Plastering Co. (236 App Div 799). This decision is distinguishable because it involved a situation where there was no undertaking provision in the order granting the injunction, and, hence, the right to damages rested on common law. Here, the order granting the preliminary injunction required an undertaking. Thus, the situation is therefore governed by CPLR 6312 and not by common law. Under CPLR 6312, there is no requirement of a showing of bad faith in order for the court to ascertain damages.
As to the interest element of claimed damages, the court concludes that lost interest is a proper element of damage covered by the undertaking (Aldrich v Reynolds, 1 Barb Ch 613). The date from which interest is payable and for how long and what the proper rate of interest should be are also questions in sharp dispute.
*1065 An affidavit on behalf of the plaintiff signed by the plaintiff’s attorney on the motion for a preliminary injunction clearly indicates that the benefits had to be payable by May 5, 1981. Defendant Behrens seeks to recover interest from May 5, 1981 to the date on which the moneys were paid over as a result of the stakeholders’ interpleader motion to pay the proceeds into court. The order on the stakeholders’ motion was signed December 17, 1981, but the proceeds were not paid over pursuant to it until sometime in 1982. Defendant Behrens takes the position that she could have earned an average interest of 141/2% during that period if the funds had been received and invested in a Paine-Webber cash fund. The plaintiff contends if any interest damage is allowable, the period should only be from August 7, 1981 to December 17, 1981.
Since interest on part of the proceeds of $98,700 was being accumulated by the stakeholders at an interest rate of only 5Y4%, defendant Behrens claims she lost 9Vi% interest compounded over nine months — i.e., a sum amounting to $9,376.50. The motion papers clearly establish that the group life proceeds were earning interest at 51/4% but do not establish what interest, if any, was being earned on the other two benefits.
The court concludes that the time that damages for lost interest commence to accrue is the date of the granting of the preliminary injunction — i.e., August 7,1981 and that the ending date is the date or dates the proceeds were actually received as a result of the interpleader order. The court cannot determine from the papers submitted whether February 8, 1982 is the date that the proceeds were actually received for each of the fringe benefits involved.
In any case, the rule the court will follow in awarding interest as one element of damages is that defendant Behrens is entitled to interest from August 7, 1981 on the principal amount on that date, including interest, if any, to that date, to the date the proceeds were actually turned over as a result of the interpleader order of December 17, 1981.
As to the amount of interest, the court concludes that CPLR 5001 and 5004 apply and that the rate of interest in effect during the period in question controls — i.e., 9%. The *1066 court does not agree with defendant Behrens’ contention that she is entitled to a higher rate of interest. Under CPLR 5001, a higher than “legal” rate of interest can be allowed in the court’s discretion if the action is of an equitable nature. Here, the underlying causes of action are not equitable in nature. Plaintiff’s contention that legal interest should be limited to 6% — the amount of legal interest in effect on the date of death — is untenable.
On the question of legal fees, the court concludes that defendant Behrens is entitled only to certain legal fees incurred subsequent to August 7,1981. Defendant Behrens is entitled to all reasonable and necessary legal fees incurred after August 7,1981 on the appeal to the Appellate Division because the only way for her to terminate the injunction was an appeal on the merits from the order denying the dismissal of the complaint (Youngs v McDonald, 56 App Div 14, affd 166 NY 639). However, she is not entitled to any legal fees and expenses incurred in opposing the application for preliminary injunction (Bausch & Lomb v Hydron Pacific, 82 Misc 2d 576). Nor is she entitled to any legal fees incurred on the motion made by the stakeholders to discharge them and interplead the moneys held by them. She is entitled to counsel fees and expenses incurred and to be incurred in making this application to ascertain damages pursuant to CPLR 6315 (see Bausch & Lomb v Hydron Pacific, supra, at p 579).
Carroll v Kenin (25 AD2d 743) and Eisen v Post (15 Misc 2d 59), cited by defendant Behrens to support her contention that counsel fees and expenses incurred for opposing the motion for preliminary injunction should be awarded as damages, are distinguishable. In both of those cases, there was an undertaking ordered when the temporary restraining order was issued. Although CPLR 6313 (subd [c]) allows a court, in its discretion, to require an undertaking on the granting of a temporary restraining order, the Honorable Howard A. Levine, in the exercise of his discretion, did not require an undertaking when he signed the order to show cause dated May 5, 1981.
On the third element of claimed damages, the court concludes that defendant Behrens is entitled to recover the $1,226.30 that was paid to the interpleading defendants for *1067 their counsel fees and disbursements. These counsel fees and disbursements were paid out of the amount being held by the stakeholders and thereby reduced the amount which defendant Behrens eventually received. This loss was sustained in consequence of the preliminary injunction and is recoverable.
Defendant Behrens is directed to prepare new affidavits consistent with this decision. The plaintiff will be given 10 days to respond to these new affidavits. The court will then determine if any hearing is necessary. The court does not believe that a hearing should be necessary, but it is possible that the plaintiff, for example, may not be content with the hourly rate charged by the attorneys for defendant Behrens or the amount of hours claimed.