■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for a Site for the Douglaston Little Neck Branch Library in the Borough of Queens. LONG ISLAND SOUND REALTY COMPANY, Appellant.—In a condemnation proceeding, the claimant appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated

January 31, 1989, which denied its motion for an additional allowance under EDPL 701.

Ordered that Justice Brown has been substituted for former Presiding Justice Mollen (see, 22 NYCRR 670.2 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination in accordance herewith.

Prior to August 1987 EDPL 701 provided for a discretionary award of additional allowances to reimburse a condemnee for expert services. The Legislature has amended EDPL 701 (see, L 1987, ch 771, §§ 1, 2) and reimbursement is now permitted for "attorney, appraiser, and engineer". We find that the amended version of EDPL 701 should have been applied to the claimant's motion.

The general rule is that a statute is to be construed as prospective unless the language of the statute, either expressly or by necessary implication, requires that it be given a retroactive construction. An exception to the general rule is that, to the extent they do not impair vested rights or bestow additional rights, remedial statutes are to be given retroactive construction.

The amended version of EDPL 701 did not establish a new right since EDPL former 701 already provided for the recovery of certain litigation expenses. Rather, the amended statute merely expanded the right to recover, and may be considered a remedial statute (see, McKinney's Cons Laws of NY, Book 1, Statutes § 54 [a]; see also, Coffman v Coffman, 60 AD2d 181, 188; Lewittes & Sons v Perlow, 254 App Div 94). Since the claimant moved for additional allowances after the court's initial decision, and its right to such allowances did not accrue until after there was an award, order or judgment, the amended version of EDPL 701 is applicable to its motion (see, Matter of New York City Tr. Auth. [Superior Reed & Rattan Furniture], 160 AD2d 705 [decided herewith]).

Accordingly, the matter is remitted to the Supreme Court, Queens County, for a new determination of the motion for additional allowances under EDPL 701. Mangano, P. J., Brown, Kunzeman and Kooper, JJ., concur.