■ Niuta S. Titus, Respondent, v Rolls-Royce Ltd. et al., Defendants, and Rolls-Royce Motor Cars, Inc., Appellant.— Order, Supreme Court, New York County (Irma Vidal Santa-ella, J.), entered August 31, 1989, which denied the motion of defendant, Rolls-Royce Motor Cars, Inc., for partial summary judgment, dismissing the first cause of action of the complaint, is unanimously reversed, on the law and on the facts, motion granted and the first cause of action is dismissed, without costs.

On or about March 22, 1985, in New York City, Ms. Niuta S. Titus purchased a new 1985 Rolls-Royce Silver Spur automobile (automobile) from Carriage House Motor Cars, Ltd. (Carriage), an authorized dealer for Rolls-Royce Motor Cars, Inc. (RRMCI).

By summons and complaint, in September 1987, Ms. Titus (plaintiff) commenced an action against Rolls-Royce Ltd. (the manufacturer), Carriage and RRMCI (defendants) for damages and/or rescission, in connection with the purchase of the automobile, based upon the defendants' alleged violation of General Business Law § 198-a, breach of express and implied warranties, breach of contract, and fraud. The complaint alleges, in substance, that the automobile "is defective and requires continual and constant repairs because of misfiring, faulty brakes and faulty air conditioning. As of July 1987, it has been operated for a total of 10,000 miles. It has been serviced in excess of four (4) times and has been out of service by reason of repair for a cumulative total in excess of thirty (30) days".

Following the joinder of issue, defendant RRMCI moved for partial summary judgment, dismissing the first cause of action, asserting violation of General Business Law § 198-a. The IAS Court denied that motion. Defendant RRMCI appeals.

General Business Law § 198-a, the New Car Lemon Law, effective September 1, 1983, is designed to afford protection to a purchaser of a new automobile, by requiring the manufacturer to replace the vehicle or refund the purchase price, if a substantial defect in the automobile cannot be repaired after a reasonable number of attempts. Subdivision (a) (2) of that Statute states that its provisions only apply to motor vehicles, such as automobiles, "sold and registered" in this State.

In support of the instant motion, the defendant RRMCI contends, in substance, that the subject Statute does not apply to plaintiff, since, although she purchased the automobile in New York, in 1985, she did not register it in this State until more than four years later, in 1989, after the date that defendant moved for partial summary judgment.

Our examination of the record indicates that, while the automobile has apparently never been out of this State, same has been registered in the State of Florida from on or about March 26, 1985, which date was several days after purchase, until April 19, 1989, when for the first time plaintiff registered same in New York. Further, we find that, before plaintiff registered the automobile in New York, the following significant events occurred: the two-year warranty provided under the Statute (see, General Business Law § 198-a [b]) expired, on March 22, 1987; the three-year warranty of the manufacturer expired, on March 22, 1988; and the four-year Statute of Limitations (see, General Business Law § 198-a [j]), within which to bring actions pursuant to the Statute, expired, on March 22, 1989.

It is well established law "that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature * * * and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (Patrolmen's Benevolent Assn. v City of New York, 41 NY2d 205, 208 [1976]; Marcus Assocs. v Town of Huntington, 45 NY2d 501, 506 [1978]).

Since the Statute unequivocally states that, in order to trigger a manufacturer's obligations, the automobile must be "sold and registered in this state", and the Statute of Limitations contained in the Statute is four years, which commences

running from the "date of original delivery of the motor vehicle to the consumer" (General Business Law § 198-a [a] [2]; [j]), we find that the clear legislative intent is that the registration of the motor vehicle must take place within a reasonable time after the delivery of same to the consumer, and before the date on which the Statute of Limitations expires. Applying that finding to the facts of the instant case, we further find that plaintiff's automobile is not protected by the Statute, since same was not registered during that crucial period.

Subsequent to the date of the entry of the order on appeal, effective September 9, 1990, the definition of motor vehicle contained in General Business Law § 198-a (a) (2) was amended to read "sold or registered" instead of "sold and registered" in this State (L 1990, ch 217, § 1). Our examination of that legislation indicates that, since it establishes a new right of action by a new class of persons, it should only be applied prospectively (*Lewittes & Sons v Perlow,* 254 App Div 94, 95 [1st Dept 1938]; *Kaplan v Kaplan,* 31 AD2d 247, 248 [1969]; *Matter of City of New York [Long Is. Sound Realty Co.],* 160 AD2d 696, 697 [1990]).

Based upon the analysis, *supra,* since we find no triable issues of fact, we further find that the IAS Court erred in denying the motion.

We have considered the other contentions of the parties, and find them to be without merit.

Accordingly, we reverse, and grant the motion of defendant, RRMCI, for partial summary judgment, dismissing the first cause of action. Concur—Sullivan, J. P., Carro, Ellerin, Ross and Asch, JJ.