■ HECTOR BONILLA, Appellant, v PETRILLO REALTY DEVELOPMENT CORP., Respondent. [655 NYS2d 340] —Order, Supreme Court, New York County (Paula Omansky, J.), entered September 23, 1996, which denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

In an action alleging violation of Labor Law § 240 (1) and common-law negligence arising from plaintiff's alleged backward fall from a ladder, the court properly denied plaintiff's motion for summary judgment. Plaintiff's deposition testimony, taken in light of other submissions on the motion, raises credibility questions precluding summary judgment. Nor was it conclusively established that lack of safety devices constituted a failure to provide "proper protection" in violation of section 240 (1) or that said violation was a proximate cause of plaintiff's injuries (*Saaverda v East Fordham Rd. Real Estate Corp.*, 233 AD2d 125). Concur—Milonas, J. P., Nardelli, Williams and Andrias, JJ.

■ In the Matter of the Estate of ANTHONY GANDOLFO, Deceased. JOSEPH GANDOLFO, as Executor of ANTHONY GANDOLFO, Deceased, et al., Appellants; FRANKLIN H. GOLDBERG, Respondent. [655 NYS2d 341] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered January 24, 1996, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

The alleged breach of confidential or fiduciary duty occurred almost a year after the death of plaintiffs' decedent. Accordingly, plaintiffs' causes of action did not yet exist in decedent's favor as of his death (*cf.*, EPTL 11-3.2 [b]), and plaintiffs cannot press a cause of action that was not viable during decedent's life (*see, Sweets v Behrens*, 88 AD2d 745, 746). We have considered plaintiffs' remaining arguments in support of their standing to sue and find them to be without merit. Since the complaint was properly dismissed, we do not reach plaintiffs' alternate contention. Concur—Milonas, J. P., Nardelli, Williams and Andrias, JJ.