OLAF J. OLSEN, Respondent, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

Attachment — application to vacate attachment before trial of action — when failure to make such application precludes recovery of expenses of attachment action in action upon undertaking.

1. A defendant in an attachment suit who fails to make an application before trial to have the warrant of attachment vacated, when he is entitled as matter of law to have it done, cannot, in an action upon the undertaking executed as a condition of the issuance of the attachment, recover, as damages caused by the attachment, the expenses incurred as counsel fees in defending the action.

2. Where, in an action in which an attachment was issued against the property of defendant because he was a non-resident, it appears that the action was one in equity to compel specific performance of a contract and for judgment for the possession of specific property, such action was not an action " to recover a sum of money only," and, therefore, as matter of law, did not furnish a basis for a warrant of attachment (Code Civ. Pro. § 635); hence, the action was properly dismissed at the trial upon this ground.

*Olsen* v. *United States Fidelity & Guaranty Co.*, 187 App. Div. 882, modified.

(Argued October 13, 1920; decided November 16, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 21, 1919, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edmund J. Donegan* and *Leonidas Dennis* for appellant. In the absence of a motion to vacate an attachment, fees paid counsel for trials and appeals are not recoverable on an attachment bond. (*Northampton Nat. Bank* v. *Wylie*, 52 Hun, 146; *Tyng* v. *American Surety Co.*, 69 App. Div. 137; 174 N. Y. 166.)

*Paul N. Turner* for respondent. The warrant of attachment in *Raftery* v. *Olsen* was a valid warrant. The papers on which it was based are sufficient. A motion to vacate would have been useless. (Code Civ. Pro. § 636; *Brandly* v. *American*, 130 App. Div. 410; *Coakley* v. *Rickard*, 136 App. Div. 489; *Jones* v. *Hygenic Soap Co.*, 110 App. Div. 331; *Van Camp* v. *Searle*, 147 N. Y. 150; *Guaranty Savings Loan Co.* v. *Moore*, 35 App. Div. 421.) Defendant may not, either under the pleadings, or under the terms of the bond, relieve itself from liability by showing that the papers on which the warrant was issued were insufficient. (*Kunzweiler* v. *Lehman*, 34 Misc. Rep. 466; *Central Bank* v. *Kimball*, 73 App. Div. 100; *Dunfee* v. *Dunfee*, 145 App. Div. 108; *U. S. F. & G. Co.* v. *U. S.*, 191 U. S. 416; *Neilson* v. *Title Co.*, 159 Pac. Rep. 1151; *Atlantic Trust Co.* v. *Town*, 163 Fed. Rep. 690.)

HISCOCK, Ch. J. In an action brought against the present respondent as defendant, the appellant as surety executed an undertaking as a condition of the issuance of a warrant of attachment against the former's property. This undertaking was in the ordinary form and was conditioned, amongst other things, for the payment of all damages which the defendant in said action might sustain by reason of the attachment, not exceeding $5,000. Subsequently under the warrant of attachment a levy was made upon valuable property and still later, after a

trial upon the merits, judgment was rendered in favor of the defendant dismissing the complaint in said action.

In this action, brought upon the undertaking, judgment has been recovered for the full amount thereof on account of damages alleged by respondent to have been sustained as a result of the attachment. The greater portion of these damages, and the portion attacked by the appellant, consists of expenses incurred in retaining counsel to defend the attachment action. While there is no question of the non-residence of the defendant, upon which ground the attachment was granted, it is insisted by appellant that the action was of a character which did not permit the granting of an attachment and that, therefore, it was the duty of respondent seasonably to have made a motion to have the warrant vacated and that this not having been done no recovery can be had for expenses thereafter incurred in defending the action. In our view this contention is well founded.

It will be unnecessary to consider under just what circumstances importing only a reasonable chance of success it may be necessary for a defendant in an attachment action to make a motion to have the warrant vacated as a condition precedent to recovering under a bond for expenses incurred in defending the action, for in the action under review we think that the defendant, the respondent here, was entitled as matter of law to have the warrant vacated upon the papers upon which it was granted.

The action was brought against the present plaintiff by one Raftery as assignee of one Roos and the verified complaint was one of the papers upon which the warrant was granted. In addition to various formal and incidental allegations it alleged in substance that respondent hired Roos as a broker to sell various properties under an agreement that he would pay him a graded brokerage of ten per cent and upwards on the selling price of such properties

for his services, it being expressly provided " that said commission was to be paid in the same kind of cash. or property received by the defendant; " that thereafter as the result of the efforts of Roos a sale of the properties was made by the defendant to the Aguado Petroleum Corporation for a purchase price consisting of shares of the common capital stock of said corporation of which the par and cash value was $2,450,000; " that by and through said sale there became and was earned, due and owing from the defendant to the said Edward Roos, shares of said Aguado Petroleum Corporation's Capital Stock of the par and cash value of " $345,000, " no part of which has been paid, although duly demanded." And the plaintiff then demanded judgment for $345,000 par value of said common stock, or in the event that said stock had been transferred, for $345,000 in cash.

There were also filed on application for the warrant affidavits made by the plaintiff's assignor and by plaintiff's attorney. We do not regard the allegations of these affidavits as substantially differing from, but as largely reiterating the allegations of the complaint, it being stated in the affidavit of the assignor that his brokerage and commission fee as agreed on between him and defendant " amounts to 3,450 shares of said capital stock (Aguada Petroleum Corporation) of the fair, just and reasonable cash value of $345,000   *   *   *   and that said sum of Three hundred and forty-five thousand dollars ($345,000), or its equivalent of capital stock of said Aguada Petroleum Corporation, was justly due and owing to this deponent over and above all counterclaims." They supplement the allegations of the complaint in one important respect. In connection with the prayer for relief that plaintiff recover $345,000 par value of the capital stock in question " or in the event that said stock has been transferred," $345,000 in cash, these affidavits make it clear that said stock had not been transferred and that, therefore, the plaintiff, if he was entitled to it, could secure the stock

which he was seeking. But even if it should be thought that the variations between the allegations of the complaint and affidavits are more important than they seem to us to be, the complaint must be controlling in determining the nature of the action, as it is necessary to do, in passing upon appellant's contention. The meaning and nature of the complaint cannot be changed by affidavit.

Testing then the nature of the attachment action by the allegations of the complaint and affidavits, as we have briefly summarized them, it seems to be clear beyond the necessity for any extended discussion that it was one in equity to compel specific performance of a contract and not one seeking money damages. They allege with entire explicitness that plaintiff therein was entitled to certain shares of stock, as his compensation, and by his prayer for relief he demanded judgment for the recovery of such stock. It is true that he also asked judgment for the value of the stock in case the stock itself could not be obtained, but that is the ordinary alternative form of relief demanded in such an equitable action. A court of equity having obtained jurisdiction by the demand for equitable relief, will award money damages in the place of such relief if the latter cannot be secured. While, of course, the duty of respondent to have made a motion for the vacation of the warrant of attachment is not to be tested by subsequent occurrences, it does fortify the interpretation which we have placed upon the complaint in that action that counsel for plaintiff therein did strenuously and persistently argue on the trial that his client was entitled to judgment for the possession of the stock itself, which he had described.

That action then being one in equity seeking judgment for the possession of specific property was not an action "to recover a sum of money only" and, therefore, as matter of law, did not furnish a basis for a warrant of attachment, and it was upon this ground that the action was dismissed. (Code Civ. Pro. § 635.)

As has been stated, respondent, defendant in that action, made no application to have the warrant of attachment vacated as he was as matter of law entitled to have done.  On the contrary, although it may not be very material in the view we take, he expressly agreed for a consideration not to make such an application.

The precise and ultimate question, therefore, is the one presented by appellant's contention, whether a defendant in an attachment suit who fails to make an application to have the warrant of attachment vacated when he is entitled as matter of law to have it done, can recover as damages caused by the attachment expenses incurred as counsel fees in defending the action.  We think that this question has been definitely and conclusively answered in the negative.

The principle involved has been more frequently considered in actions upon undertakings given to secure injunctions.  It has there been held in effect that a defendant in an injunction suit cannot recover on the undertaking, as damages caused by the injunction, his expenses in defending the action when he could have freed himself from the injunction by a simple motion.  If he could secure relief by motion it was his duty so to do rather than increase the damages to be charged to the undertaking by the more expensive process of prolonged litigation and trial.  Where a motion is seasonably but vainly made to vacate the preliminary injunction, counsel fees upon the trial are a proper element of damage because they are regarded as having been incurred not only to dispose of the issues, but also to get rid of the injunction.  (*Andrews* v. *Glenville Woolen Co.*, 50 N. Y. 282; *Hovey* v. *Rubber-Tip Pencil Co.*, 50 N. Y. 335; *Youngs* v. *McDonald*, 56 App. Div. 14, 17; affd., 166 N. Y. 639, without opinion; *Newton* v. *Russell*, 87 N. Y. 527; *Phœnix Bridge Co.* v. *Keystone Bridge Co.*, 10 App. Div. 176, 180; affd., 153 N. Y. 644.)

As a matter of reason we can see no cause why this

principle should not be applied equally to actions upon undertakings for attachments. It seems to be especially applicable in a case like this where the attachment having been granted on grounds of non-residence the plaintiff's sole chance for relief was dependent upon his maintenance of his attachment and a levy thereunder to answer any judgment he might secure. And that such is the rule governing the award of damages under attachment bonds has been held in *Tyng* v. *American Surety Co.* (69 App. Div. 137; affd., 174 N. Y. 166); *Northampton National Bank* v. *Wylie* (52 Hun, 146, 148, 149; affd., 123 N. Y. 663).

. It is conceded by the appellant that on the view which we have taken respondent is entitled to judgment in the sum of $525.95. Therefore, the present judgment should be reversed and a new trial granted, with costs to appellant, unless respondent stipulates within ten days to reduce the damages to the amount specified, in which case the judgment as modified is affirmed, with costs to appellant.

COLLIN, HOGAN, POUND, MCLAUGHLIN, ANDREWS and ELKUS, JJ., concur.

Judgment accordingly.