UMEKO, INC., Petitioner,

v.

NEW YORK COAT, SUIT, DRESS, RAINWEAR & ALLIED WORKERS UNION, Respondent.

No. 79 Civ. 1074 (LFM).

United States District Court, S. D. New York.

Feb. 14, 1980.

Lewis, Greenwald & Oberman, P.C., New York City by Thomas M. Kennedy, New York City, for respondent.

Elliot S. Livingston, New York City, for petitioner and surety.

## OPINION

MacMAHON, District Judge.

Respondent, New York Coat, Suit, Dress, Rainwear & Allied Workers Union (the "Union"), moves pursuant to Rule 65.1, Fed. R.Civ.P., and Section 7 of the Norris-La-Guardia Act, 29 U.S.C. § 107, for judgment in the amount of $1,061.00 against Northwestern National Insurance Co. of Milwaukee, as surety on a bond in the amount of $2,500.00. Respondent asserts that the temporary restraining order granted by this court March 12, 1979, on application of petitioner, Umeko, Inc. ("Umeko"), staying arbitration of a dispute concerning the parties' collective bargaining agreement was improvidently and erroneously granted and caused the Union to expend the amount sought as attorneys' fees in defense of the action.

The collective bargaining agreement at the root of this dispute was originally entered into by the Union and Primrose Sportswear, Inc. on September 21, 1978. The agreement contained a provision referring all claims and grievances arising thereunder to binding arbitration. On November 29, 1978, Primrose was sold to Umeko, which since that date has continued to do business with substantially the same employees, supervisory personnel and equipment.

The Union, claiming Umeko is obligated by the terms of the collective bargaining agreement executed by Primrose under the agreement's successorship clause, commenced an arbitration proceeding January 26, 1979 to remedy asserted violations of the agreement. Umeko sued in state court to stay the arbitration, and the Union subsequently removed the suit to this court.

Umeko also sought relief by filing an unfair labor practice charge with the National Labor Relations Board. Wholly apart from the question of successorship, the employer claimed the Union lacked majority support when it first became collective bargaining agent at Primrose, and that consequently it had no right to enforce the agreement for the benefit of its members.

Thus, two separate actions—arbitration and the NLRB proceeding—were under way when petitioner moved by order to show cause on March 12, 1979 to stay the arbitration. We declined to proceed ex parte and heard both sides on oral argument. Umeko contended that a stay of arbitration was appropriate pending the NLRB's decision as to whether it was bound by the successorship clause of the collective bargaining agreement. We found this argument raised a serious question of law and accordingly issued a temporary restraining order staying the arbitration for eight days to preserve the status quo while the parties briefed the point.

Having received briefs and heard oral argument on March 20, 1979, we denied petitioner's motion for a preliminary injunction and dissolved the temporary restraining order on authority of the Supreme Court's opinion in *Carey v. Westinghouse Elec. Corp.*, 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964).[1]

Section 7 of the Norris-LaGuardia Act requires certain allegations and findings before a court may issue a temporary injunction in a case growing out of a "labor dispute," as defined in Section 13 of the Act. Among these are a threat of unlawful acts leading to substantial and irreparable injury to property, greater injury to the petitioner in denying relief than to the respondent in granting it, and the inability of public officials charged with protecting petitioner's property to fulfill their duties adequately. The Act specifically provides for payment of attorneys' fees by the unsuccessful party in the event of the "improvident or erroneous issuance" of a temporary restraining order.

■ Significantly, neither party at the March 12 hearing alerted the court to the possibility that the procedural requirements of the Norris-LaGuardia Act might be applicable to the temporary restraining order issued that day. Since counsel for the Union had ample opportunity to raise the issue at that time, it ill behooves him to move for an award of attorneys' fees based on the asserted applicability of the Norris-LaGuardia Act at this late date. Under these circumstances, we think he has waived his right to do so.

■ Even if there had been no such waiver, we do not believe that a stay of arbitration is the type of "injunction" to which Section 7 of the Norris-LaGuardia Act applies. "[T]he 'injunction' at which § 7 was aimed is the traditional 'labor injunction,' typically an order which prohibits or restricts unilateral coercive conduct of either party to a labor dispute."[2] The findings required by Section 7 are clearly inapposite to an order merely staying arbitration where no coercive conduct is alleged on either side.

Under these circumstances, we conclude the court is not bound by the procedural requirements of Section 7 of the Norris-LaGuardia Act, and respondent is therefore not entitled to recover its attorneys' fees thereunder. Absent a statutory mandate, attorneys' fees are not otherwise recovera-

---

1. In *Carey*, the Supreme Court held that arbitration could go forward even while unfair labor practice charges were pending before the NLRB.

2. *Local 205 v. General Electric Co.*, 233 F.2d 85, 91 (1st Cir. 1956).

ble on a bond posted pursuant to Rule 65(c).[3]

Accordingly, respondent's motion is denied in all respects.

So ordered.

---

**3.** *Powelton Civic Home Owners Ass'n v. Department of Housing & Urban Development,* 284 F.Supp. 809, 840 (E.D.Pa.1968).