## FEDERAL BEEF PROCESSORS, INC., Plaintiff,

v.

## CBS INC.; CBS News Division, a division of CBS Inc.; 48 Hours; and Ray Lum, Defendants.

### Civ. No. 94–5009.

United States District Court,
D. South Dakota,
Western Division.

July 7, 1994.

Ronald W. Banks, Banks, Johnson & Colbath, Rapid City, SD, for plaintiff.

Steven J. Helmers, Craig A. Pfeifle, Lynn Jackson Shultz & Lebrun, Rapid City, SD, for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING ATTORNEYS' FEES TO CBS AND DENYING ATTORNEY'S FEES FOR McCLEAN

BATTEY, Chief Judge.

Federal Beef Processors, Inc. (Federal) initiated this action in South Dakota state court against CBS Inc. (CBS) and Leendelle McClean (McClean). The claims asserted by Federal arise out of CBS's acquisition, with the assistance of an employee of Federal, of a videotape of meat processing operations at Federal's beef slaughter plant in Rapid City, South Dakota. CBS intended to broadcast the videotape on February 9, 1994.

On February 7, 1994, the state court issued a preliminary injunction ordering CBS not to broadcast the videotape until the merits of Federal's claims were determined. CBS appealed to the South Dakota Supreme Court. The South Dakota Supreme Court agreed to hear the appeal and set the matter for hearing in March. The South Dakota Supreme Court, however, refused to grant an emergency stay of the trial court's order. CBS then petitioned United States Supreme Court Justice Harry A. Blackmun for an emergency stay. Finding that the state court's order was a prior restraint in viola-

tion of the first amendment to the United States Constitution, Justice Blackmun granted the emergency stay on February 9, 1994. CBS then broadcast the videotape as intended on its February 9, 1994, edition of "48 Hours."

On February 18, 1994, CBS and McClean removed the action to this Court based on the diverse citizenship of the adverse parties and an amount in controversy in excess of $50,000. *See* 28 U.S.C. § 1332. On May 3, 1994, the Court granted summary judgment in favor of McClean and dismissed him as a party in this action. On that same day, the Court issued an order vacating the state court preliminary injunction.

McClean now seeks attorney's fees and costs pursuant to South Dakota law alleging that Federal's suit against him was frivolous and brought for malicious purposes. CBS seeks attorneys' fees and costs resulting from its defense against the state court preliminary injunction. The Court addresses each motion separately.

### A. McClean's Motion for Attorney's Fees

■ McClean brings his motion pursuant to SDCL 15–17–51 which provides:

> **Liability of plaintiff for frivolous or malicious action.** If a civil action or special proceeding is dismissed and if the court determines that it was frivolous or brought for malicious purposes, the court may order the plaintiff to pay part or all expenses incurred by the person defending the matter, including reasonable attorneys' fees.

McClean claims that Federal included him in this action solely to defeat removal purposes without a reasonable belief that he was involved in the filming of Federal's plant. Among the authorities cited by McClean, he relies on this Court's previous determination that he was fraudulently joined herein in asserting his entitlement to attorney's fees. However, the Court is not persuaded by his arguments.

Although SDCL 15–17–51 may arguably allow an award of attorney's fees in this situation, the Court finds that such an award is not warranted by the facts of this case. McClean has presented no evidence to show

that *at the time this action was commenced,* Federal did not have a reasonable belief that McClean had been involved in filming its plant. The facts asserted by Federal in its response to McClean's motion stand uncontroverted and establish a reasonable belief that McClean was involved. The fact that it later appeared he was not involved is immaterial. Furthermore, this Court's finding that McClean was fraudulently joined does not constitute a finding of bad faith or malicious intent on Federal's part. In its opinion denying remand, the Court explicitly noted that a finding of fraudulent joinder is possible "regardless of plaintiff's motive or good faith." Court's Docket # 72 p. 9. Federal had a reasonable belief in naming McClean at the time it began this suit despite its inability to succeed against him in light of the additional facts which later became known. Accordingly, the action against McClean was neither frivolous nor brought for malicious purposes, and he is therefore not entitled to an award of attorney's fees.

### B. CBS's Motion for Attorneys' Fees

CBS asserts that it is entitled to attorneys' fees pursuant to SDCL 15–6–65(c) as damages incurred due to the improvident issuance of the preliminary injunction by the state court in this case. CBS alleges that it is entitled to the $50,000 injunction bond required by the state court and posted by Federal at the time the preliminary injunction was issued prohibiting CBS from using footage of Federal's plant in a television broadcast. CBS argues that the injunction has subsequently been found improper, vacated by this Court, and caused it to incur well over the bond amount in defending against this portion of this case. Federal argues that federal law controls this issue, that under federal law attorneys' fees are not collectible as damages for an improper injunction, and that under South Dakota law CBS's claim is premature.

SDCL 15–6–65(c) provides:

> **Undertaking required on preliminary injunction or temporary restraining order—Ascertainment of damages.** Where no provision is made by statute for security on a preliminary injunction or tempo-

rary restraining order, the court shall require a written undertaking on the part of the applicant with or without sureties in such sum as the court deems proper, to the effect that the applicant will pay to the party enjoined such costs and damages not exceeding the amount to be specified, as he may sustain by reason of the preliminary injunction or temporary restraining order, if the court finally decides that the applicant was not entitled thereto. The damages may be ascertained by reference or otherwise as the court shall direct. No such security shall be required of the state of South Dakota or of an officer or agency thereof.

This statute includes liability for defendants' attorneys' fees incurred for that portion of an action related to the defense against a preliminary injunction or temporary restraining order. *See, e.g., Dodds v. Bickle,* 77 S.D. 54, 85 N.W.2d 284 (1957).

■ The Court finds that the law of South Dakota governs the award of attorneys' fees as respects the preliminary injunction originally issued. Typically, the question of what damages are recoverable on a surety bond that is ancillary to a diversity action is governed by state law. *See* 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2974 (1973) and cases cited therein. Furthermore, "in a diversity case, explicit state statutory authority for an award of costs would control" over federal law. *Smith v. Frazzini,* 139 F.R.D. 677, 678 (D.Colo.1991); *see also Agnew v. Alicanto,* 125 F.R.D. 355 (E.D.N.Y.1989).

■ In this case, Federal sought a preliminary injunction pursuant to South Dakota law in state court. Circuit Judge Davis required Federal to post a bond pursuant to SDCL 15–6–65(c) to specifically cover attor-

neys' fees among other damages in the event that the injunction was later found to be improper.[1] Thus state law defined the substantive rights surrounding the issuance of the injunction and should likewise govern the award of damages under the posted bond now that it has been determined that the injunction was improper. It is clear from the state court injunction hearing transcript that Federal was aware of the possibility of it being liable for attorneys' fees as Judge Davis considered the probable fees in determining the amount of the bond that Federal filed to obtain its injunction.

Federal still contends, however, that even under South Dakota law, CBS's motion is premature. The Court thinks this conclusion ignores the true posture of the case. The state court injunction, by Federal's own admission, has "already been rendered moot." The injunction was vacated by this Court on May 3, 1994, with no opposition by Federal. The issues concerning that injunction are no longer contested in this case and will not be relitigated in the trial of this matter. Therefore, the decision surrounding the appropriateness of the state court injunction is final.

This case is different from those cited by Federal in its brief. Here, the trial on the merits will not involve a claim for a permanent injunction but rather will involve claims for civil damages. The appropriateness of an injunction will not likely be addressed. Furthermore, trial on the merits will probably not provide further facts or evidence central to the preliminary injunction issue as that issue is now moot. Consequently, trial on the merits is not necessary in deciding this motion.

■ Finally, Federal contends that the fee award given to CBS must be limited to those fees "as were necessitated by the issuance of

---

1. At the injunction hearing, the following discussion took place concerning the amount of the bond required by the state court:

> Mr. Helmers: ... I think I would state for the record that Mr. Bruce Johnson has been admitted now in this court. I am authorized to say on his behalf that he estimates the attorney's fees which would be part of our recoverable damages, in the event this is overturned for CBS, will be approximately $100,000 by the time this appeal is ended. So we'd request

that the undertaking be established in that amount.

> The Court: Well, until we are there, I will up the ante to $50,000, gentlemen, sufficient cash surety, which should provide for up to including this proceeding and allow CBS to make an additional showing, either to this court or the appropriate appellate court that would decide that issue.

Hearing Transcript at pp. 224–225.

the temporary injunction." The Court agrees. On this point, Federal asks the Court to hold a hearing to determine which of the alleged fees are proper under the above referenced state law. However, the Court is not sure that a hearing is necessary.

■ The Court has reviewed the affidavits submitted by attorneys Helmers and Johnson. The average hourly rate for the Lynn, Jackson attorneys is $196.25; for the Davis, Wright attorneys the average hourly rate is $153.15.[2] The Court begins its analysis of the available fees by using the generally accepted forum hourly rate of $125 per hour. *See McDonald v. Armontrout*, 860 F.2d 1456 (8th Cir.1988); *Cotter v. Bowen*, 879 F.2d 359 (8th Cir.1989). This amount takes into consideration the complexity of the issues involved, the experience and skill of the attorneys, the result obtained, and the quality of representation. *Gilbert v. City of Little Rock, Ark.*, 867 F.2d 1063, 1067 (8th Cir. 1989). Further, the Court determined this rate mindful of the general rates charged for similar work within this district.

Turning then to the number of hours includable under SDCL 15–6–65(c), the Court finds that based upon the time records submitted, at least 210.1 attorney hours for the Lynn, Jackson firm and 307.4 attorney hours for the Davis, Wright firm were necessitated by the issuance of the preliminary injunction. Using the rate of $125 per hour, this amounts to over $64,000 in attorneys' fees, to which must be added monies spent for legal assistants, cash disbursements, and applicable sales taxes proven to be related to the preliminary injunction. From the affidavits submitted, the Court finds that CBS's burden to establish its claim has been met. Federal has only controverted a very small portion of the scheduled fees and the Court is of the opinion that the final figure arrived at after a hearing on this matter would greatly exceed the $50,000 available via the bond.[3] Consequently, a hearing is not necessary based upon the record.

The Court, out of an abundance of caution for Federal's due process rights, is prepared to hold a hearing under the terms of this order. If Federal desires a hearing, it may submit to the Court by August 18, 1994, a written request for hearing detailing specific objections and facts upon which it anticipates being able to show that less than $50,000 in fees and costs are available to CBS. Upon receipt of such a request, the Court will schedule a hearing to determine damages. In the absence of such a request, CBS's motion for attorneys' fees will be granted and judgment in the amount of $50,000 shall be issued in favor of CBS and against Federal.

**CONCLUSION**

Based upon the above reasoning, it is hereby

ORDERED that former defendant Leendelle McClean's motion for attorney's fees and costs (Docket # 78) is denied.

IT IS FURTHER ORDERED that defendant CBS's motion for attorneys' fees and costs (Docket # 82) is granted consistent with the terms of this order.

Dated this 7th day of July, 1994.

---

**2.** The Court arrived at these averages by totaling the hourly rates charged by all attorneys working on the case and dividing that figure by the number of attorneys involved.

**3.** CBS is not seeking an award in excess of the amount of the $50,000 bond. Thus, the Court need only determine that the attorneys' fees at the very least equal that amount.